## RATCLIFF-SANDERS GROCER CO. v. BLUEJACKET MERCANTILE CO. et al.

No. 7174—Opinion Filed April 10, 1917.

Rehearing Denied May 22, 1917.

(164 Pac. 1142.)

(Syllabus by the Court.)

1. **Judgment—Res Judicata—Requisites in General.**

In order to make a matter res adjudicata, there must be a concurrence of the four conditions following, namely: (1) Identity in the thing sued for (or subject-matter of the suit); (2) identity of the cause of action; (3) identity of persons or parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.

2. **Same—Action on Account.**

Record examined, and held, that the question involved in the issue herein is not res adjudicata.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by the Ratcliff-Sanders Grocer Company against the Bluejacket Mercantile Company, a corporation, and C. M. Condon. Judgment for defendants on a directed verdict, and plaintiff brings error. Reversed and remanded, with directions to grant a new trial.

W. H. Kornegay, for plaintiff in error.

Nelson Case, Grant Foreman, J. D. Simms, and Wm. T. Rye, for defendants in error.

KANE, J.  This was an action on an open account, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below.  The petition was in the short statutory form, briefly alleging that the defendants are indebted to the plaintiff on an open account in the sum of $2,364.20, an itemized statement of which is hereto attached and made a part hereof, and ending with a prayer for judgment.  The answer of the defendants alleged, in effect, that neither of the defendants in this action was indebted to the plaintiff as alleged, and that the question of their liability was involved in a certain bankruptcy proceeding filed by C. M. Condon & Co., State Bank et al. v. one Roy J. Wiggins in the District Court of the United States for the Eastern District of Oklahoma; that, said cause coming on to be heard by the said United States District Court for the Eastern District of Oklahoma, it was found that the merchandise described in the exhibit attached to the petition had been purchased by said Roy J. Wiggins, as a sole trader, doing business under the name of the Bluejacket Mercantile Company, and not by the Bluejacket Mercantile Company. a corporation.  Therefore the defendants aver the question of the liability of the defendants in this action to the plaintiff is res adjudicata; that it is settled by a former judgment of a court of competent jurisdiction in favor of these defendants.  The reply alleged, in substance, that the plaintiff was not a party to the bankruptcy proceedings; that the bankruptcy court has no jurisdiction to adjudicate the rights of the plaintiff as against C. M. Condon and the Bluejacket Mercantile Company, a corporation, and that said court did not adjudge that the defendants were not responsible or liable to said plaintiff as alleged in its petition, and if the bankruptcy court did so decide, it was without jurisdiction so to do.  After the evidence offered in support of the issues thus joined was all in, the defendants moved the trial court to direct the jury to return a verdict in their favor, which motion was sustained, and judgment entered in favor of the defendants for their costs.  It is to reverse this action of the trial court that this proceeding in error was commenced.

From this brief statement of the case it is apparent that the only question presented for review is whether the trial court erred in directing the jury to render a verdict in favor of the defendants.  The record before us does not disclose the precise ground upon which the trial court directed a verdict, but it was probably upon the ground that it found the defendants' plea of res adjudicata to be well taken.  In this we are unable to agree with the trial court.  The evidence shows without material conflict substantially the following state of facts: The Bluejacket Mercantile Company, a perfectly solvent domestic corporation, had been engaged in the mercantile business at Bluejacket, Okla., for several years, practically all of its $10,000 capital stock being owned by Mr. C. M. Condon, of Oswego, Kan.  On the 1st day of January, 1911, the Bluejacket Mercantile Company, by C. M. Condon, entered into an agreement in writing with one Roy J. Wiggins, by the terms of which the former conditionally sold to the latter its entire stock of merchandise, including its business and good will, at Bluejacket, Okla., on the following terms:

"For said stock of merchandise, business, and good will said Wiggins agrees to pay said company the sum of $8,794.21, with 6 per cent. interest on deferred payments as follows: $200 on the 1st of each month beginning October 1, 1911, and as much larger monthly payments as the business will justify from the proceeds of said sale; said Wiggins is allowed to take monthly the sum of $100, or as much thereof as he may actually need, for family living expenses; from the income he shall also make such purchases of goods as are necessary to keep the stock replenished and up to the needs of the trade.  The balance of the said income from said business shall be paid as it comes in on said purchase price until the whole amount thereof is paid.  The title to said stock of goods and business shall remain in said company until the purchase price thereof is fully paid, and until that time no change shall be made in the firm name or general mode of conducting the business.  Upon failure on the part of said Wiggins to comply with any of the provisions of this contract, or to fully carry out its terms, the said company may take possession of said stock and business, and in any business way make therefrom the amount due it together with costs and expenses."

In pursuance of this agreement Mr. Wiggins, who was known to be a man of no financial standing, took charge of the business, making no change in the firm name or general mode of conducting the business, and continued to conduct the same until involuntary bankruptcy proceedings were commenced against him by the Bluejacket Mercantile Company, a corporation, and C. M. Condon for failure to meet his obligations with them pursuant to the terms of their contract.

It was for the recovery of the purchase price of goods purchased from the plaintiff subsequent to the date of this contract and prior to the commencement of the bankruptcy proceedings that this action was commenced.

The bankruptcy proceedings in which the judgment was rendered, which it is claimed is res adjudicata as to the liability of the

defendants herein, were instituted by the Bluejacket Mercantile Company, a corporation, C. M. Condon, and other creditors of Roy J. Wiggins, a sole trader doing business as the Bluejacket Mercantile Company, the corporation alleging that it had sold the bankrupt, Roy J. Wiggins, a stock of goods, wares, and merchandise located at Bluejacket, Okla., for the sum of $8,794.21, of which there was a balance over amounting to $7,194.21, evidenced by 35 promissory notes, signed by Roy J. Wiggins and payable to the president of the Bluejacket Mercantile Company, C. M. Condon, one of the defendants herein. Thereafter the United States court declared Roy J. Wiggins a bankrupt, and appointed a receiver, who took possession of the stock of goods in question and proceeded to administer upon the affairs of the bankrupt under orders of the court. The question decided by the bankruptcy court arose out of a dispute between the petitioner, the Bluejacket Mercantile Company, a corporation, and a receiver appointed by the state court in the instant case, the former contending that Roy J. Wiggins purchased not only the stock in bulk, but all subsequently acquired merchandise, as a sole trader, and thereafter continued to conduct the business as such sole trader under the name of the Bluejacket Mercantile Company; whilst the latter insisted that in the circumstances of the case the sale in bulk was conditional, and, this condition not being performed, the title to the merchandise never passed from the Bluejacket Mercantile Company, a corporation, to Roy J. Wiggins, doing business as a sole trader in the name of the Bluejacket Mercantile Company, and that the subsequent sales of merchandise by the plaintiff were made upon the strength of the apparent liability of the corporation. Therefore, he contended, the entire stock should be turned over to the receiver appointed by the state court for administration on behalf of the plaintiff in this cause and other creditors similarly situated. As alleged in the answer, the bankruptcy court found that Roy J. Wiggins, as a sole trader, doing business in the name of the Bluejacket Mercantile Company, originally purchased the stock in bulk from the Bluejacket Mercantile Company, a corporation, and subsequently purchased the merchandise involved herein in the same capacity from the plaintiff, and therefore ordered the entire stock to be administered by the referee in bankruptcy as the property of Roy J. Wiggins, which was done. It is quite apparent to us that this action did not necessarily determine the liability of the Bluejacket Mercantile Company, a corporation, to the plaintiff for the purchase price of the merchandise sold in the foregoing circumstances. The bankruptcy court merely found the merchandise involved was purchased by Roy J. Wiggins, a sole trader, doing business as the Bluejacket Mercantile Company, and therefore it should be turned over to the receiver appointed by the bankruptcy court.

The plaintiff was not a party to the bankruptcy proceedings, and if he had been, that court was without jurisdiction to adjudicate his rights as against C. M. Condon and the Bluejacket Mercantile Company, a corporation, and there is nothing in the record before us which indicates that the bankruptcy court attempted to do so. In order to make a matter res adjudicata there must be a concurrence of the four conditions following, namely: (1) Identity in the thing sued for (or subject-matter of the suit); (2) identity of the cause of action; (3) identity of persons or parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. The principle on which judgments are held conclusive upon the parties requires that the rule should apply to only that which was directly in issue, and not to everything that was incidentally brought into controversy during the litigation. Black on Judgments, 610.

As we have seen, by the terms of its contract the Bluejacket Mercantile Company, a corporation, sold not only its entire stock of merchandise and its business and good will to Roy J. Wiggins, retaining title to the merchandise in its own name until the purchase price was fully paid in monthly installments, but by providing that "until that time no change shall be made in the firm name or general mode of conducting the business" it also loaned him its credit. The corporation and Mr. Condon knew that Roy J. Wiggins was a man of no financial standing, and it was evidently their purpose to sell him the stock and good will of the business, thus to enable him to continue to buy merchandise from the wholesale houses as though no change had been made, in order that he might carry out his contract with them. The contract between the Bluejacket Mercantile Company and Roy J. Wiggins was not recorded, and no apparent change took place except that Mr. Wiggins appeared to be in charge of the business. As the provision of the contract that "no change shall be made in the firm name or general mode of conducting the business" was strictly observed, we have no doubt that in these circumstances the Bluejacket Mercantile Company, a corporation, was liable for any merchandise purchased by the concern while the business thereof was being thus conducted.

There is some contention to the effect that, inasmuch as the plaintiff had notice of the

precise relation existing between the Bluejacket Mercantile Company, a corporation, and Roy J. Wiggins, and sold its merchandise on the strength of the credit of the latter, and not the former, the judgment of the court below should be affirmed. We cannot agree with counsel that the evidence is conclusive to that effect. Of course, if that state of affairs really exists, and the plaintiff, with notice of all the facts and circumstances surrounding the transaction between the corporation and Wiggins, continued to sell its merchandise to the latter as a sole trader, it would not be entitled to recover from the Bluejacket Mercantile Company, a corporation. In our judgment, there was a' sharp conflict in the evidence on this point which should have been submitted to the jury. and it was therefore error to direct a verdict in favor of the defendants.

It is also contended that as to the defendant C. M. Condon there is no testimony in the record upon which a judgment against him can be predicated. It is not clear to us that the court below ever passed squarely on this question. The motion for a directed verdict in favor of the defendants was joint in form, and the order of the court sustaining the same merely stated in general terms that the motion was sustained. Mr. Condon does not appear to have asserted any rights in the premises independent from those common to himself and the Bluejacket Mercantile Company, a corporation. Therefore we prefer to leave the question of his individual liability open until it is presented in such a manner as to attract the attention of the trial court to the precise point involved.

We also find a contention to the effect that the appeal herein should be dismissed for certain reasons raised for the first time in the brief of counsel for defendants in error. It is not the practice of this court to write opinions on motions to dismiss, where the same are overruled, unless the question of practice or procedure thereby presented is, in the judgment of the court, of such importance or novelty as to make such action necessary. In our judgment, the questions raised by the motion to dismiss herein do not belong to that class. Therefore, finding no merit in the motion, we will overrule the same without further comment.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

SHARP, C. J., and HARDY, TURNER, and THACKER, JJ., concur.