Note.—See 38 Cyc. p. 1604; 14 R. C. L. pp. 777, 778; 3 R. C. L. Supp. p. 282; 4 R. C. L. Supp. p. 918.

---

**UNITED STATES CASUALTY CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 16721—Opinion Filed July 27, 1926.

1. **Master and Servant—Industrial Commission—Orders—Review by Court — Res Adjudicata.**

Where the Industrial Commission has entered an order and on proceedings for review in this court the only question presented and determined is whether the compensation claimant is an employe of a drilling company or of a casing crew, upon reversal by this court a further hearing by the Industrial Commission to determine which of two companies is the insurance carrier of the employer is within the continuing jurisdiction of the Commission by virtue of the provisions of Comp. Stat. 1921, sec. 7352, and the decision of this court that the drilling company was the employer is not res adjudicata of the question as to which insurance company was the insurance carrier at the date of the accidental injury.

2. **Same.**

In such case a determination by the Industrial Commission, based on findings of fact which find support in the evidence, that one of the policies had been canceled prior to the accidental injury and that the insurer under the other policy was the carrier is not in excess of the jurisdiction of the Industrial Commission as being a judicial construction of the insurance contract, the order for payment of the award being primarily against the drilling company and only in the alternative as to the insurance carrier.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding by the United States Casualty Company to review an order of the Industrial Commission entered July 27, 1925. Order sustained.

May 29, 1925, the Fidelity Union Casualty Company filed an application with the State Industrial Commission whereby it sought an order of the Industrial Commission determining that the applicant was not the insurance carrier of the Gruver Drilling Company on June 16, 1924, but that the insurance carrier of the Gruver Drilling Company on that date was the United States Casualty Company, and that said company' be notified and required to answer this application, and that upon hearing applicant be given an opportunity to introduce proof of the facts alleged in said application; that the United States Casualty Company be sustained as the insurance carrier in place of the applicant in any further proceedings and orders had before the Industrial Commission in the case of W. A. Dixon, Claimant, v. Gruver Drilling Co. and Fidelity Union Casualty Co., Respondents.

Notice was duly served upon the United States Casualty Company by the Industrial Commission of the filing of this application and the hearing on the same was set for July 3, 1925. The United States Casualty Company filed its answer to said application and in such answer no claim or ground of defense except res adjudicata is made against the application. That answer reads as follows:

"Comes now the United States Casualty Company through its attorney, Ernest J. Kubeck, and in answer to the motion of the Fidelity Union Casualty Co. sets forth that this matter has been adjudicated before the Supreme Court of the state of Oklahoma in the name of Fidelity Union Casualty Company, and that the said State Industrial Commission is without power or authority to now modify its proceedings to include one other than those whose appearance is shown in the proceedings on appeal."

Petitioner thereafter filed an amended application. which is substantially the same as the original, and upon the issues made by the amended application and the answer of the United States Casualty Company, the Industrial Commission held a hearing and thereafter entered its order relieving the Fidelity Union Casualty Company from liability as insurance carrier of the Gruver Drilling Company and substituting as such insurance carrier the United States Casualty Company.

This proceeding is brought by the United States Casualty Company upon transcript to review the proceedings of the Industrial

Commission shown by its order of July 27, 1925, and to have such order vacated.

H. D. Moreland, for petitioner.

James C. Cheek and Albert L. McRill, for respondent Fidelity Union Casualty Company.

Burford, Miley, Hoffman & Burford, for respondent Gruver Drilling Company.

Opinion by LOGSDON, C. This proceeding requires a determination of only two questions. First, Do the proceedings in the case of Dixon Casing Crew et al. v. State Industrial Commission et al. (No. 15790), 108 Okla. 211, 235 Pac. 605, and the decision of this court therein, constitute res adjudicata as to the contractual status as insurance carrier of the instant petitioner so as to preclude the Industrial Commission from determining that it should be substituted in the instant proceeding? Second, Do the facts shown by the transcript of the instant proceeding reasonably tend to support the order of substitution entered by the Industrial Commission July 27, 1925?

It is considered that the answer to the first question must be in the negative.

In the original proceeding before the Industrial Commission, which became cause No. 15790 in this court, W. A. Dixon was a claimant for compensation for accidental injury under the Workmen's Compensation Law. At the time of his injury, June 16, 1924, he was a member of the Dixon Casing Crew, composed of five oil well workers, and was engaged in running and pulling casing in the McMahan Well No. 1, in the Cromwell field, for the Gruver Drilling Company. The Dixon Casing Crew carried compensation insurance in the Federal Surety Company, which denied liability on the ground that claimant was not an employe of the casing crew but an employe of the company drilling the well. In February, 1924, the Gruver Drilling Company took out a policy of compensation insurance with Fidelity Union Casualty Company, and on March 26, 1924, took out another with the United States Casualty Company. On the hearing of claimant's application for compensation the Federal Surety Company defended for itself and the Dixon Casing Crew. Fidelity Union Casualty Company appeared and defended for itself and the Gruver Drilling Company. No notice of the hearing was served on the United States Casualty Company. though it had notice of the injury, and it was not a party to the proceedings either before the Industrial Commission or on review in this court.

On that hearing the Industrial Commission found and determined that claimant, W. A. Dixon, had received a compensable injury under the provisions of the Workmen's Compensation Law, determined the extent of the injury and the amount of compensation to be paid, but erroneously determined that Dixon was an employe of the Dixon Casing Crew. Based upon these findings and conclusions the Industrial Commission fixed liability on the Dixon Casing Crew and its insurance carrier, Federal Surety Company, and released the Gruver Drilling Company and its insurance carrier, Fidelity Union Casualty Company, from all liability. To review this action of the Commission the Federal Surety Company, for itself and the Dixon Casing Crew, commenced proceedings in cause No. 15790 in this court. In the opinion filed in that cause this court stated the sole question to be determined thus:

"Under the evidence, this case involves the construction of a statute only * * *"

—and that construction was announced in the single paragraph of the syllabus in this language:

"One who associates himself with others under an agreement for performance of work and labor of a 'particular piece of work' for an agreed wage, is an 'employe' of the person having the work executed, and the relation of employer and employee does not exist as between a member of such association and the association, under and by virtue of paragraph 4, sec. 2, c. 61, Sess. Laws 1923."

That this court was correct in stating that no other question was involved is evidenced by the fact that no petition for rehearing was lodged against that decision. The order of the Industrial Commission was reversed on this one question, with directions for further proceedings in accordance with the views therein expressed.

From this resume of the record of the proceedings to the time of filing the instant application for an order of substitution it is clearly evident that the four elements essential to constitute a good plea of res adjudicata did not exist at the time the answer to the instant application was filed. A good plea of res adjudicata is constituted only when there are: (a) Identity of subject-matter; (b) identity of causes of action; (c) identity of parties to the action; (d) identity of quality in the person for or against whom the claim is made. Ratcliff-Sanders Grocer Co. v. Bluejacket Merc. Co et al., 63 Okla. 298, 164 Pac. 1142. The special plea of res adjudicata not being sustainable upon the face of the record, the jurisdiction

of the Industrial Commission to hear and determine the merits of the instant application must be sustained by virtue of the provisions of Comp. Stat. 1921, sec. 7325, these applicable provisions not having been changed by the amendment thereto contained in section 13, ch. 61, S. L. 1923. Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 88 Okla. 80, 211 Pac. 491; Wilkerson v. Devonian Oil Co., 114 Okla. 84, 242 Pac. 531.

Upon the second question involved in this proceeding the findings of fact made by the Industrial Commission are:

"2. That prior to said date (June 16, 1924) the Fidelity Union Casualty Company issued a standard workmen's compensation policy, the same being No. 87487, insuring the obligations of respondent, Gruver Drilling Company, under the Workmen's Compensation Law; that said policy became effective by its terms at 12:01 a. m. February 18, 1924, its expiration date being February 18, 1925, at 12:01 a. m. That in the negotiation relating to said insurance contract the George C. Frickel Company acted in the capacity of agent for the respondent, Gruver Drilling Company, and that the said agent canceled the policy issued by the Fidelity Union Casualty Company, and heretofore described, on the 17th day of May, 1924, and that no written notice of such cancellation was filed with or given to the State Industrial Commission:

"3. That prior to the 16th day of June, 1924, the United States Casualty Company issued to respondent, Gruver Drilling Company, a standard Workmen's Compensation policy No. 53620, insuring the obligations of said respondent under the Workmen's Compensation Law for a period beginning at 12:01 a. m. March 26, 1924, and ending at 12:01 a. m. March 26, 1925, and that said policy was in effect on the 16th day of June, 1924."

An examination of the evidence preserved in the transcript discloses it is amply sufficient to sustain these findings. Since it is not the province of this court to consider and weigh the evidence upon which the Industrial Commission bases its findings, further than to determine that such findings are not contrary to law as being wholly without support in the evidence, it is not considered necessary to recapitulate here the evidence supporting such findings. They are conclusive in this case upon the face of the transcript.

Based upon these findings of fact the Industrial Commission announced its conclusions as follows:

"The Commission is of the opinion: By reason of the aforesaid facts, that the motion of the Fidelity Union Casualty Company to be relieved of liability in this cause should be sustained and that the United States Casualty Company is liable to the claimant in the capacity of insurance carrier and should be substituted as insurance carrier in this cause."

That these are correct legal conclusions from the facts found cannot be seriously questioned. But it is contended by petitioner that these conclusions involve a construction by the Industrial Commission of the contract of insurance between petitioner and the Gruver Drilling Company, and that the Commission is without jurisdiction to judicially determine the legal effect of a contract. This the Commission did not do. It merely determined that petitioner was the insurance carrier of the Gruver Drilling Company at the time of the accidental injury, this fact being asserted by the claim auditor of petitioner in writing on November 7, 1924, and established by the policy introduced in evidence. The order for payment of the award was made primarily against the Gruver Drilling Company, and only in the alternative against the petitioner, thus leaving the construction of the contract to the parties who made it.

For the reasons herein stated, the order of the Industrial Commission entered herein on July 27, 1925, is in all things sustained.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts, C. J. p. 125 §132; anno. L. R. A. 1916A, pp. 178, 266; 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580.