**STATE INSURANCE FUND, Petitioner,**

**v.**

**Melvin R. BROOKS, Norman L. Womack, Thurman N. Clements, J.C. Solomon, Lloyd Taber, Floyd T. Taber, Daniel J. Laymon, James H. Waller, Johnie Towns, Larry L. Taber, Woodrow Griffith, Doyle L. Hughart, Frank L. Hargrove, Billy Gene Fisher, Thurman Hand, Jerry W. Noe, David A. Gobble and Federated Metals Corporation, Respondents.**

Nos. 67030 to 67036, 67105, 67106, 67115 to 67117, 67236 to 67238, 67258, 67340, 67341, 67534, 67785, 68865, 69065, 69066, 69110, 69112.

Supreme Court of Oklahoma.

May 3, 1988.

Rehearing Denied June 21, 1988.

---

Michelin A. Hobbs, Robert Highsaw, Oklahoma City, for petitioner, State Ins. Fund.

Robert L. Shepherd, Tulsa, for respondent, Federated Metals Corp.

Bryce Hill, Wilson Jones, Frasier & Frasier, Tulsa, for all other respondents.

OPALA, Justice.

The issues presented in this consolidated proceeding for review are: [1] Did the Workers' Compensation Court have jurisdiction to make the challenged awards against the State Insurance Fund? and if so, [2] Are the terms of the awards ambiguous and do they warrant modification because they were incorrectly phrased in the disjunctive, namely against the insurer *or* the employer? We answer the first question in the affirmative and the second in the negative.[1]

The facts are common to all proceedings before us. Both the State Insurance Fund [Fund] and Federated Metals Corporation [employer or Federated Metals] defended themselves against the claimants before the trial tribunal. The Fund challenged the trial tribunal's jurisdiction and sought to be dismissed as a party respondent below. It argued below, as it does now, that because the Workers' Compensation Court is without power to declare its insurance policy *void ab initio*, that court lacks cognizance to determine its liability. We are urged that if the Fund's indemnity protection for Federated Metals' compensation claims is void, its insurance policy should be treated as though it never existed and, absent an insured-insurer relationship with the employer, the Fund would then stand outside the trial tribunal's jurisdiction to impose liability for workers' compensation.

The Fund informed the trial tribunal that it had pending in another forum a declaratory judgment suit in which it sought to be relieved from treating as subsisting the compensation insurance policy issued to Federated Metals. According to the Fund, fraudulent inducement was the basis of that lawsuit.

■ The Workers' Compensation Court ruled that its jurisdiction was neither invaded by the other litigation then in progress nor divested by the Fund's defense of fraud. The claimants were awarded benefits against the Fund and, in the alternative, against Federated Metals. The Court of Appeals sustained the awards.[2]

1. In Cause No. 67,030 the Workers' Compensation Court denied benefits. The parties have stipulated that neither the decision in that case nor the amount of benefits awarded in the 23 other cases now before us stands tendered for review in this case.

2. The Court of Appeals held the Workers' Compensation Court had jurisdiction to award benefits against the Fund and the power to determine whether the insurance policy for compensation liability issued by the Fund to the employer was void for fraud. Viewing the Fund's fraud defense as a claim for *contractual* relief, the Court of Appeals concluded the fraud issue could not be reviewed because the Fund failed to make an "offer of proof" in support of its defense against the claimants' claims.

While correctly upholding the trial tribunal's power to make an award against the Fund, the Court of Appeals need not have raised *sua sponte* the issue whether the Fund's fraud argument for dismissal of the claims against it on jurisdictional grounds was preserved for appellate review. The Fund did not seek to try in the Workers' Compensation Court its fraud rescission claim against the employer. Fraud was asserted below to prevent the trial tribunal from *deciding the Fund's liability* under its policy. *It was clearly of no consequence to the outcome of the proceeding below whether the trial tribunal had jurisdiction to determine the fraud claim pressed by the Fund against the employer. None of the parties sought to invoke that power.*

In any event, the question whether the Fund failed to preserve its fraud defense for appellate review is academic. Even if it had tendered evidence which was erroneously ruled inadmissible and had made no offer of proof, its right to

Fraud in the inducement makes a contract *voidable* but not void.[3] While the Fund may have had grounds for rescission or damages,[4] its policy nevertheless must be regarded as subsisting in contemplation of law, and the insurer continues liable to a third-party claimant until relieved from its obligation by a decree of rescission,[5] a statutory termination or the expiration of the coverage period.[6] We hence hold the trial tribunal correctly predicated the Fund's liability to the claimants on the viability of a compensation insurance policy issued to Federated Metals for the period when the compensable injuries were sustained—a fact which stood stipulated.[7] Controversies between an employer and its insurance carrier do not divest the trial tribunal of its power to perform the statutorily mandated responsibility of entertaining compensation claims.[8]

The Workers' Compensation Court is vested with *exclusive* jurisdiction to determine and enforce a compensation risk carrier's liability to a claimant.[9] This nec-

raise the error in an appellate court would not have been lost. The rejection of tendered evidence would have been based on *jurisdictional* grounds. The rule requiring proffer of excluded evidence before error may be asserted on appeal (*Midwest Scale Company v. England*, Okl., 411 P.2d 531, 533 [1966]) *does not apply when, as here, the rejected evidence was deemed inadmissible on jurisdictional or substantive-law grounds. Harris v. Grayson*, 146 Okl. 291, 294 P. 187, 194–195 [1930]; *Mid–America Corporation v. Miller*, Okl., 372 P.2d 14, 17–18 [1962]; see also, *Snow v. Winn*, Okl., 607 P.2d 678, 682 [1980].

3. *H.J. Jeffries Truck Line v. Grisham*, Okl., 397 P.2d 637, 642 [1964]; Restatement (Second) of Contracts § 163, comments a and c, and § 164; 12 Williston on Contracts § 1488 at 332; Restatement of Contracts § 475.
The terms of § 163, Restatement (Second) of Contracts, are:
"When a Misrepresentation Prevents Formation of a Contract
If a misrepresentation *as to the character or essential terms* of a proposed contract *induces conduct that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know* of the character or essential terms of the proposed contract, *his conduct is not effective as a manifestation of assent."* [Emphasis added.]
The terms of § 164, Restatement (Second) of Contracts, are:
"When a Misrepresentation Makes a Contract Voidable
(1) If a party's manifestation of assent is *induced by either a fraudulent or material misrepresentation by the other party* upon which the recipient is justified in relying, the contract is *voidable* by the recipient.
(2) If a party's manifestation of assent is *induced by either a fraudulent or a material misrepresentation by one who is not a party* to the transaction upon which the recipient is justified in relying, the contract is *voidable* by the recipient, unless the other party to the transaction in good faith and without reason to know of the misrepresentation either gives value or relies materially on the transaction." [Emphasis added.]

4. See *State ex rel. Burk v. Oklahoma City*, Okl., 556 P.2d 591, 594 [1976].

5. See *H.J. Jeffries Truck Line v. Grisham, supra* note 3.

6. See 85 O.S. 1981 § 64(e). Its terms provide:
"*No contract of insurance* issued by a stock company or mutual association or other concern against the liability arising under this title *shall be canceled within the time limited in such contract for its expiration until at least ten (10) days after notice of intention to cancel such contract, on a date specified in such notice, shall be filed in the Office of the Administrator and also served on the employer.* Such notice shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last-known place of residence...."* [Emphasis added.]

7. We save for another day the question whether the Workers' Compensation Court may declare a compensation insurance policy *void ab initio* for fraud in *factum* or in the execution and then relieve the insurer of liability.

8. *Oklahoma Steel Corporation v. Chafin*, Okl., 349 P.2d 12, 14 [1960].

9. 85 O.S.Supp.1986 § 26(B); 85 O.S.1981 §§ 65.-3, 64, and 41(C); *Atlas Rock Bit Service Company v. Henshaw*, Okl., 591 P.2d 294, 295 [1979]; *In re Hines*, Okl., 509 P.2d 669, 672 [1973]; *Barney U. Brown & Sons v. Savage*, 208 Okl. 668, 258 P.2d 183, 185 [1953]; *Tri–State Casualty Ins. Co. v. Bowen*, 189 Okl. 97, 113 P.2d 981, 984–985 [1941]; and *Commercial Casualty Ins. Co. v. E.B. Cooke Service Station*, 165 Okl. 36, 24 P.2d 1007, 1009 [1933].
The pertinent terms of 85 O.S.Supp.1986 § 26(B) provide:
"... The [Workers' Compensation] Court *shall have full power and authority to determine all questions in relation to payment of claims* for compensation under the provisions of the Workers' Compensation Act...."* [Emphasis added.]

essarily includes cognizance to decide the central issue—whether at the time of the claimant's injury a contractual relationship subsisted between the employer, *qua* insured, and its insurer.[10] When, as here, it is undisputed that a policy was in force at the critical point in time, no issue is joined—between the carrier and the worker—to negate or cloud an insurer's legal liability to the compensation claimant for benefits that may be due.

■■■ Equally established is the Workers' Compensation Court's lack of jurisdiction to grant reformation,[11] to construe contracts and to determine liability between the risk carrier and the insured employer *inter sese*.[12] These limitations raised no barrier to the awards now under review. The rights of injured employees are *statutory*, not contractual.[13] As third-party beneficiaries under the Act, claimants are entitled to enforce the policy between the employer and its insurer.[14]

■■■ An insurer's assertion that the employer had practiced fraud in the inducement constitutes no defense to a workers' compensation claim. The trial tribunal correctly perceived that the Fund's liability was enforceable because it hinged solely on whether a policy covering the claimants was in effect at the time of their injuries. The Workers' Compensation Court was well within its cognizance when it adjudicated the claims both against the Fund and the employer and declined to concern itself with the Fund's quest for dismissal on allegations against the latter with respect to fraud in the inducement.[15]

■■■ Because the orders on review were phrased in the disjunctive, i.e. against the Fund "or" Federated Metals, the Fund urges they are ambiguous, and, if we uphold the awards, its liability should be for

---

The pertinent terms of 85 O.S.1981 § 65.3 provide:

"*Every contract of insurance* issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act *shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected ...*, which contract may be enforced by such employee as the beneficiary thereof.*" [Emphasis added.]

The pertinent terms of 85 O.S.1981 § 64 provide:

\* \* \* \* \* \*

"(b) Every such policy shall contain a provision that ... *jurisdiction of the employer shall ... be jurisdiction of the insurance carrier,* and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation...." [Emphasis added.]

\* \* \*

The pertinent terms of 85 O.S.1981 § 41(C) provide:

"All payments shall be made on any award in the manner and form prescribed by the Court ... and employers and insurance carriers shall, for such purposes, be permitted, or when necessary to protect the interests of the beneficiary, may be required to make deposits with the Administrator to secure the prompt and convenient payment of awards made.... *Failure for ten (10) days to pay any final award or any portion thereof, as ordered shall immediately entitle the beneficiary to an order*

*finding the respondent and/or insurance carrier to be in default* and all unpaid portions ... shall immediately become due and may be immediately enforced as provided by Section 42 of this title." [Emphasis added.]

10. *Traders & General Insurance Company v. Harris,* Okl., 398 P.2d 843, 845 [1965]; *Oklahoma Steel Corporation v. Chafin, supra* note 8; *Traders and General Insurance Company v. Abel,* Okl., 344 P.2d 585, 588 [1959]; *Young v. Postal Mut. Indemnity Co.,* 189 Okl. 187, 115 P.2d 139, 141 [1941]; *Tri–State Casualty Ins. Co. v. Bowen, supra* note 9 113 P.2d at 982; *Bituminous Casualty Corporation v. State Industrial Commission,* 187 Okl. 252, 102 P.2d 607, 608 [1940].

11. *Mid–Continent Casualty Company v. Miller, infra* note 12; *Tri–State Casualty Ins. Co. v. La Fon,* 205 Okl. 293, 237 P.2d 124, 128 [1951].

12. *In re Hines, supra* note 9; *Mid–Continent Casualty Company v. Miller,* Okl., 451 P.2d 932, 935 [1969]; *Apache Motor Company v. Elliott,* Okl., 405 P.2d 705, 710 [1965].

13. *Midwest Scale Company v. England,* Okl., 411 P.2d 531, 532 [1966].

14. 85 O.S.1981 § 65.3, *supra* note 9.

15. 85 O.S.1981 § 65.3, *supra* note 9; *Iowa Home Mutual Casualty Company v. Mussett,* Okl., 342 P.2d 553, 556–557 [1959]. See also, *Fidelity & Casualty Co. v. Baker,* 162 Okl. 10, 18 P.2d 894, 896 [1933].

no more than *half* the amount of each award. We find them free from error. Awarding compensation alternatively against the insurance carrier and the employer has long been sanctioned.[16] Under the Workers' Compensation Act[17] the employer and its risk carrier are "one and the same" for liability purposes.[18]

OPINION OF THE COURT OF APPEALS VACATED; AWARDS BY THE WORKERS' COMPENSATION COURT SUSTAINED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

---

**16.** See *United States Casualty Co. v. State Industrial Commission of Oklahoma*, 118 Okl. 301, 248 P. 637, 639 [1926].

**17.** 85 O.S.1981 §§ 1 et seq.

**18.** *United States Fidelity and Guaranty Company v. Theus*, Okl., 493 P.2d 433, 435 [1972]; see also, 85 O.S.1981 § 41(C), *supra* note 9; *Maryland Casualty Company v. Hankins*, Okl., 532 P.2d 426, 429 [1975].