The **STATE INSURANCE FUND OF the State of Oklahoma**, Plaintiff,

v.

**ASARCO INCORPORATED, d/b/a Federated Metals Corporation**, Defendant.

No. 73450.

Supreme Court of Oklahoma.

Oct. 17, 1989.

Dale F. McDaniel, Tulsa, for plaintiff.

James L. Kincaid, Grace F. Renbarger, David E. Strecker, Tulsa, for defendant.

KAUGER, Justice.

The State Insurance Fund of the State of Oklahoma (Insurance Fund) filed suit in federal district court seeking recission and reimbursement under a workers' compensation insurance policy issued to the defendant, Asarco Incorporated, d/b/a Federated Metals Corporation (Federated Metals). The Fund asserted that there had been fraud in the inducement of the policy, or, in the alternative, a mutual mistake of fact.[1] Questions dispositive of litigation pending in the United States District Court for the

---

**1.** Over seventy claims were filed by Federated Metals' employees in the Workers' Compensation Court. A number of these claims were resolved in *State Ins. Fund v. Brooks*, 755 P.2d 653, 656 (Okla.1988), finding that although the Insurance Fund might have grounds for recis-

sion or damages, it continued to be liable to third-party claimants until it was relieved from the obligation by a decree of recission, a statutory termination, or the expiration of the coverage period.

Northern District of Oklahoma were certified to this Court on June 14, 1989, pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1981 §§ 1601 et seq.

I

THE WORKERS' COMPENSATION COURT DOES NOT HAVE JURISDICTION TO DETERMINE WHETHER AN INSURANCE CONTRACT IS VOID *AB INITIO* FOR FRAUD IN THE EXECUTION WHERE THE INVALIDITY DOES NOT APPEAR ON THE FACE OF THE POLICY.

The Workers' Compensation Court is vested with exclusive jurisdiction to determine the liability of employers and insurance carriers to claimants under the Workers' Compensation Act, 85 O.S.1981 § 1 et seq.[2] Nevertheless, it does not have jurisdiction to resolve all the issues involving insurance coverage between the insured and the insurer. For example, the Workers' Compensation Court lacks authority to grant reformation,[3] to consider fraud in the inducement of a contract as a defense to an award under the Act,[4] or to determine whether a compensation policy has been canceled under its contract provisions.[5]

Apparently, the issue of whether the Workers' Compensation Court has jurisdiction to determine if an insurance contract is void *ab initio* for fraud in the execution, where the invalidity does not appear on the face of the policy, is one of first impression. Our research has not uncovered precedent concerning the authority of compensation courts to determine whether an insurance contract is void *ab initio* for fraud in the execution. However, the issues of fraud in the inducement and mutual mistake in the formation of contracts have been considered.

Some jurisdictions hold that the adjudication of contract rights belongs in a court of general jurisdiction because compensation courts have specific and limited jurisdiction,[6] and because courts of unlimited jurisdiction are the only forums in which litigants may find relief.[7] Other jurisdictions allow Workers' Compensation tribunals to consider the equitable defenses of fraud in the inducement of the contract or mutual mistake as being incidental to the jurisdiction granted under Workers' Compensation Laws. This view is premised on the theory that the difference between methods of trying legal defenses and equitable defenses no longer exists.[8]

In *State Ins. Fund v. Brooks*, 755 P.2d 653, 657 (Okla.1988), we aligned ourselves with those courts which have held that if

---

**2.** *Atlas Rock Bit Serv. Co. v. Henshaw*, 591 P.2d 294–95 (Okla.1979); *State v. Breckinridge*, 442 P.2d 506, 509 (Okla.1968); *Southern Sur. Co. v. Maney*, 190 Okl. 129, 121 P.2d 295, 297 (1942). See also, Title 85 O.S.1981 § 122 providing:

> "The right of action to recover damages for personal injuries or death arising and occurring in employment as herein defined, except the right of action reserved to an injured employee or his dependents or other legal representatives in Sections 12 and 44 of this title is hereby abrogated and all jurisidiction of the courts of this state over such causes, except as to the cause reserved to such injured employees or their dependents or other legal representatives in Sections 12 and 44 of this title is hereby abolished."

and Title 85 O.S. Supp.1986 § 26(B) providing in pertinent part:

> "... The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act ..."

**3.** *Mid–Continent Casualty Co. v. Miller*, 451 P.2d 932, 935 (Okla.1968).

**4.** *State Ins. Fund v. Brooks*, see note 1 at 657, supra.

**5.** See, *Farmers' Gin Co. v. Jones*, 146 Okl. 79, 293 P. 527–28 (1930).

**6.** See, *Continental Casualty Co. v. Indus. Comm'n*, 61 Utah 16, 210 P. 127–28 (1922); *State v. Martin*, 235 Mo.App. 406, 141 S.W.2d 186, 189 (1940).

**7.** See, *Commercial Casualty Ins. Co. v. Hilton*, 126 Tex. 497, 87 S.W.2d 1081, 1083 (1935), *modified*, 126 Tex. 497, 89 S.W.2d 1116 (1936) (Modification was factual only and did not affect the court's findings.)

**8.** *Royal Indem. Co. v. Heller*, 256 N.Y. 322, 176 N.E. 410–11 (1931).

fraud or mutual mistake is an issue, insurers and insureds must resort to courts of general jurisdiction for a determination of contractual rights.[9] The *Brooks* Court held that the Workers' Compensation Court had correctly refused to consider fraud in the inducement as a defense to the employees' compensation claims. Although the Court reserved the issue of whether the Workers' Compensation Court could declare an insurance policy void *ab initio* for fraud in *factum* or in the execution and then relieve the insurer of liability, we recognized that an insurer might have grounds for rescission or damages based on fraud.

However, we determined in *Brooks* that until an insurer is relieved either by a decree of recission, a statutory termination, or the expiration of the coverage period, the Workers' Compensation Court continues to have the power to determine an injured employees' right to recover between the employer and insurer. If compensation policies are valid on their face, the Workers' Compensation Court, a court of limited jurisdiction,[10] has no authority to decide to what extent the policy is enforceable between the employer and the insurer. Those claims must be adjudicated in a court of competent jurisdiction.[11] Under *Brooks*, all the Workers' Compensation Court need concern itself with is whether a contract, valid on its face, exists at the critical point in time—the date the worker is injured.[12]

Because the Workers' Compensation Court has no authority to reform insurance contracts,[13] and because reformation may be an appropriate remedy where a contract is void for fraud in the execution, parties must seek relief in courts of general jurisdiction. The Workers' Compensation Court does not have jurisdiction to determine whether an insurance contract is void *ab initio* for fraud in the execution if the invalidity does not appear on the face of the policy.

## II

## THE WORKERS' COMPENSATION COURT LACKS AUTHORITY TO GRANT RECISSION, TO RELIEVE THE INSURER OF LIABILITY, OR TO AWARD DAMAGES.

■ The second question certified by the District Court is also answered in the negative. Because the Workers' Compensation Court cannot determine if an insurance policy is void *ab initio*, it cannot grant recission, relieve the insurer of liability, or award damages.

### QUESTIONS ANSWERED.

All Justices concur.

---

9. The following courts found that Workers' Compensation Courts or the equivalent thereof could not determine whether a contract was void because of fraud or mutual mistake. *State Compensation Ins. Fund v. Indus. Comm'n*, 657 P.2d 761, 763 (Utah 1983); *Provenzano v. Long*, 64 Nev. 412, 183 P.2d 639, 646 (1947); *Ohio v. Eubank*, 295 Mich. 230, 294 N.W. 166, 170 (1940); *Liechty v. Kansas City Bridge*, 155 S.W.2d 297, 300 (Mo.App.1941), *aff'd* 162 S.W.2d 275 (1942); *Commercial Casualty Ins. Co. v. Hilton*, see note 7, supra. The power to consider these defenses was found to rest with an industrial board in *Royal Indem. Co. v. Heller*, see note 8, supra. See, *Bankers Indem. Ins. Co. v. Indus. Accident Comm'n*, 4 Cal.2d 89, 47 P.2d 719, 723 (1935) and *General Accident, Fire & Life Assurance Corp. v. Indus. Accident Comm'n*. 196 Cal. 179, 237 P. 33, 37 (1925). See also, Annot., "Proper Tribunal for Determination of Questions Relating to Insurance under Workmen's Compensation Acts," 127 A.L.R. 473 (1940).

10. *Apache Motor Co. v. Elliott*, 405 P.2d 705, 710 (Okla.1965).

11. *Allen v. Raftery*, 237 Mo.App. 542, 174 S.W.2d 345, 350 (1943); *Brollier v. Van Alstine*, 236 Mo.App. 1233, 163 S.W.2d 109, 114 (1942).

12. *McDonald v. Time–DC, Inc.*, 773 P.2d 1252, 1254 (Okla.1989).

13. *Tri–State Casualty Ins. Co. v. La Fon*, 205 Okl. 293, 237 P.2d 124, 128 (1951).