**MUSCOGEE (CREEK) NATION,**
**Petitioner,**

v.

**Chiquita SMITH and The Workers'**
**Compensation Court,**
**Respondents.**

No. 81080.

Supreme Court of Oklahoma.

May 13, 1997.

Leah Harjo Ware, Muscogee (Creek) Nation, Okmulgee, for Petitioner.

J.L. Franks, Frasier & Frasier, Tulsa, for Respondents.

HARGRAVE, Justice.

¶ 1 The issue is whether an employee of the Muscogee (Creek) Nation (hereinafter "Nation") who is covered by a policy of worker's compensation insurance, purchased by Nation from the State Insurance Fund, may pursue the claim in workers' compensation court. We recently answered the identical question in the affirmative in *Dominic v. State Insurance Fund,* 1997 OK 41, 936 P.2d 935 (1997). Accordingly, we find that the workers' compensation court was correct in not dismissing the case below because the employee, as third-party beneficiary of the insurance contract, may enforce the contract against the State Insurance Fund in the workers' compensation court. The State Insurance Fund did not join in Nation's motion to dismiss, nor did the Fund appeal from the trial court's award of compensation to the claimant.

¶ 2 The claimant is a member of the Muscogee (Creek) Nation and claimed injuries arising during the course of her employment by Nation on tribal land. The Muscogee (Creek) Nation purchased workers' compensation insurance from the State Insurance Fund, covering the claimant herein. The employee filed a Form 3 with the Workers' Compensation Court and the State Insurance Fund entered an appearance on behalf of Respondent and the Fund, admitting that

claimant was an employee of Respondent at the time of the alleged injury, that the claimant was covered by the Workers' Compensation Act and that Respondent, at the time of the alleged injury, had a compensation insurance policy with the State Insurance Fund, and denying only that claimant sustained an accidental injury arising out of and in the course of the employment. No affirmative defenses were raised.

¶ 3 On the day of the hearing, Nation filed a Motion to dismiss on grounds of tribal sovereign immunity, claiming that the Muscogee tribe was not an employer as defined by the workers' compensation act. The claimant argued that the Estoppel Act applied.[1] The workers' compensation court, Judge Terry Pendell, overruled Respondent's motion to dismiss on the basis of estoppel. The court found that Respondent carried a policy of workers' compensation insurance with the State Insurance Fund and paid premiums on the claimant. The court found claimant to be temporarily totally disabled from Nov. 1, 1990 to Dec. 1, 1990 and from March 21, 1991 to May 15, 1991, and awarded compensation for twelve weeks and three days in the total amount of $3,075.00. The issue of temporary total disability from April 1, 1991, through October, 1991 was reserved for future hearing.

■ ¶ 4 The State Insurance Fund did not object to jurisdiction of the workers' compensation court and has not appealed that court's finding that the employee suffered a work-related injury for which it must pay. As a result, tribal sovereignty is not an issue in the case. The workers' compensation court may enforce the provisions of the insurance contract between the insurer and the third-party beneficiary. Nation admits that the worker is an employee who otherwise would be covered; Nation does not maintain that the employee is not entitled to compensation, only that it has not waived its tribal sovereign immunity. Nation argues that the proper forum is its own tribal court.

■ ¶ 5 Nation's status as a covered employer of the injured worker within the meaning of Oklahoma's workers' compensa-

tion law is not implicated in the case before us, nor is the Nation's claimed sovereign immunity from suit. *Dominic*, 1997 OK 41, ¶ 8, 936 P.2d 935. We have said that whenever Indian interests are tendered in a controversy, a state court must make a preliminary inquiry into the nature of the rights sought to be settled. *Lewis v. Sac and Fox Tribe*, 896 P.2d 503, 508 (Okla.1994). The trial court in the case at bar properly determined that it had jurisdiction to enforce the policy terms against the insurer, the State Insurance Fund. Accordingly, the trial court properly overruled the motion to dismiss. The trial court was not called upon to determine tribal sovereignty in the matter before it.

■ ¶ 6 Under the Estoppel Act, when workers' compensation insurance has been purchased as set out in the act, the employer and the carrier are estopped under 85 O.S. § 65.2 to deny coverage. Title 85 O.S. § 65.2 provides:

*"Every employer and every insurance carrier* who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workers' compensation insurance policy or *who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workers' compensation law* by reason of or upon the basis of the employment of any such employee *shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workers' compensation law* if such person received an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or they type of employment in which the employee was engaged at the time of such injury." (emphasis added).

The provisions of 85 O.S.1991 § 65.3, which establish the claimant as a third-party beneficiary of the contract, are as follows:

---

1. Title 85 O.S. § 65.2 and 65.3, *infra*.

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof."

¶ 7 An insurer who has collected premiums under a workers' compensation policy computed on claimant's wages is estopped to deny the insured's status as a covered employer. Our focus is on the statutory rights of the insured claimant against Nation's insurer. *See, State Insurance Fund v. Brooks,* 755 P.2d 653, 656 (Okla.1988). We have said that once the existence of insurance covering the claimant is established, the jurisdictional requirements for a proceeding before the trial tribunal have been met. *Jot Davis Welding Service v. Davis,* 376 P.2d 259, 260 (Okla.1962).

¶ 8 We said, in *Dominic:*

"The 'estoppel act,' 85 O.S.1991 §§ 65.2 and 65.3, makes insurers liable regardless of the insured's status as a covered employer when it is shown that premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act. Once this is established, the insurance contract is *conclusively presumed* to be for the benefit of the injured worker, who may invoke the jurisdiction of the Workers' Compensation Court as the appropriate forum for relief." (citations omitted)

¶ 9 Nation, in the case at bar voluntarily chose to bring its employees within the purview of Oklahoma's statutory workers' compensation scheme by purchasing workers' compensation insurance from the State Insurance Fund. Once the insurance was purchased for the employee and the employee suffered a work-related injury in the course of such employment, the claimant, as third-party beneficiary pursuant to § 65.3, is entitled to enforce that contract.

¶ 10 When the statutory requirements have been met, the insurance carrier is estopped to deny coverage. That Nation objects on grounds of sovereign immunity is immaterial to a determination of the cause before the workers' compensation court. Nation is not being sued in its sovereign capacity. We concluded, in *Dominic, supra:*

"When Dominic's employment status and her injury in the course of and arising out of employment stood *unchallenged* and her temporary benefits were paid *without objection,* claimant's employment by the insured and her injury's compensability became waived as litigable issues in the case." (citations omitted)

¶ 11 As noted above, the State Insurance Fund is not involved in this appeal. Sovereignty is not an issue to be tried in this case, therefore it is immaterial to a determination of the matter before the workers' compensation court. The workers' compensation court has jurisdiction to enforce the policy terms against the insurance company and the workers' compensation court so held.

CERTIORARI GRANTED PREVIOUSLY; THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; THE ORDER OF THE WORKERS' COMPENSATION COURT IS SUSTAINED.

¶ 12 HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON and WATT, JJ., concur.

¶ 13 KAUGER, C.J., and SUMMERS, V.C.J., concur in result.