[No. 7552.]

## DYETT V. HARNEY.

1. COUNTY COURT—*Counter Claim Exceeding Jurisdiction*—A counter claim demanding an amount which exceeds the jurisdiction of the county court, interposed in an action pending in that court, has not the effect to oust the jurisdiction. If defendant persists in such counter claim, it must be dismissed, leaving for determination only the issues raised upon the complaint.

2. EVIDENCE—*Parol Varying Writing*—One who accepts a lease of lands for a single year waives all promises for a longer term made during the negotiation.

So the acceptance of a lease of farm lands, silent as to who shall provide water for their irrigation, waives a promise to provide water, made by the lessor during and as a part of the negotiations—no fraudulent representations being made by the lessor, and relied upon by the lessee.

3. LANDLORD AND TENANT—*Tenant Owing Rent—Effect as to Sub-Tenant*—That a tenant owes rent to his landlord has no relevancy to the demand of such tenant against his sub-tenant for rent accrued under the sub-lease.

4. PRACTICE IN THE SUPREME COURT—*Harmless Error*—Error in striking out an answer, reasonable time to amend being allowed, is not prejudicial.

*Error to Saguache County Court.*—Hon. M. N. JORDAN, Judge.

Mr. JESSE C. WILEY, for plaintiff in error.

Mr. JOHN I. PALMER and Mr. S. M. TRUE, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The plaintiff below filed a complaint in the county court for a balance due on account of rent of certain land. In the complaint a written lease was set out from the plaintiff to the defendant showing that the land was leased at a certain rental from June 1, 1910, to March 1, 1911, and the defendant agreed to surrender the premises at the end of the term. To the complaint, the defendant filed an answer in which he first admitted that the lease was entered into as alleged and denied all other allegations in the complaint. Then, for an alleged cross-complaint, defendant set forth certain matters. The effect of this so-called cross-complaint was an admission of the written lease as set out in the complaint. It was alleged that when the land was rented the plaintiff represented that the defendant could have possession of it for three years, and that plaintiff would rent it for that term; that relying on these representations and on account thereof the defendant made many improvements on the land; that the defendant had received no further lease, and that plaintiff had no authority to lease for the term of three years, or any other term, and that his representations in this behalf were fraudulent and void, to defendant's damage in the sum of three hundred and fifty dollars. It was also alleged that the plaintiff represented that he would furnish enough water for farming purposes during the season of 1910, and for the raising of all crops and livestock; that the plaintiff failed and refused to furnish this water, and used it on his own crops, thus depriving the defendant of it; that, by this deprivation of water, defendant's hay-crop was reduced two hundred tons, which defendant would have har-

vested if he had not been deprived of the water by the plain-
tiff; that the hay would have been worth two thousand dollars,
and that he was damaged in that amount. Then, for a further
answer, the defendant alleged that plaintiff was the lessee of
the land, and had no authority to sublet it to defendant; that
the plaintiff was in arrears for rent of the land to the owner;
that the defendant had paid five hundred dollars on the rent
to plaintiff, which sum the plaintiff retained, and did not turn
over to the owner, and that whatever rent was due from the
defendant rightfully belonged to the owner. The defendant
prayed for damages in the sum of twenty-three hundred and
fifty dollars. On motion of plaintiff, the cross-complaint and
further answer were stricken from the answer, as sham and
irrelevant, immaterial and insufficient, and the defendant was
given ten days to further answer the complaint, should he so
elect. The defendant did not answer further. A trial of the
case resulted in a judgment of ten hundred and sixty dollars
in favor of the plaintiff, the amount prayed for. The first con-
tention of the plaintiff in error is that, when the answer was
filed, the county court was ousted of jurisdiction, because the
damage or claim of the defendant exceeded the court's juris-
dictional limit of two thousand dollars, and he says that the
county court should have certified the case to the district court.
If the county court was ousted of jurisdiction in this way,
there is no law providing that the case should have been cer-
tified to the district court, and without such a law it cannot be
so certified. If the filing of a counter-claim or cross-complaint
in excess of the jurisdictional limit will oust a court of all
jurisdiction over a case, then every defendant in a civil action
has it within his power to thus defeat any action that may be
brought in the county court, and that court, while nominally
having jurisdiction in civil actions concurrent with the district
court, to the limit fixed, could not exercise that jurisdiction ex-
cept at the grace of a defendant. Certainly the lawmakers of
this state had no such result in contemplation. The county
court has jurisdiction in any civil action where the debt, dam-

age or claim, or value of property involved, does not exceed two thousand dollars. If the debt, damage or claim, or value of property involved, exceeds two thousand dollars, the court has no jurisdiction to determine it. If the jurisdiction of the court once attaches to a plaintiff's cause of action, certainly a defendant can not detach it by filing a claim in excess of the court's jurisdiction, for the amount of plaintiff's claim remains the same regardless of what defendant may do. A defendant's claim is in effect an action against the plaintiff, and is subject to the same limitation as that of the plaintiff. It follows, therefore, that if the present defendant made a claim in excess of the court's jurisdiction, and persisted in having it litigated in such excess, the effect was not to oust the court of jurisdiction over plaintiff's claim, but to put defendant's claim out of the county court, leaving in that court, for determination, the issues raised by the complaint and the denials in the answer.— *Ramer v. Smith,* 4 Colo. App. 434; *Gimbel & Son v. Gomprecht & Co.,* 89 Tex. 497; *Martin v. Eastman,* 109 Wis. 286; *Clancy v. Neumeyer,* 51 N. J. L. 299.

The part of the cross-complaint relating to the representations respecting a term of three years, and the damages thereby occasioned, and the further answer, relating to the arrearage of rent from plaintiff to the owner, were wholly irrelevant, immaterial, and insufficient, and were properly stricken out for that reason, though the word "sham" may not be applicable. The defendant admitted the lease for the term ending March 1, 1911, and that he had agreed to surrender the land at the end of that term. It was wholly immaterial then if plaintiff did say, at the time of the negotiations for the lease, that he would let defendant have possession for three years and would rent it for that term, for the defendant chose to contract for a shorter term, and that he would surrender the possession at the end. As long as his possession was not disturbed, it was no concern of defendant that plaintiff was in arrears of rent to the owner. Defendant's contract was with the plaintiff. In his counter-claim for alleged damages on ac-

count of the deprivation of water, the defendant did not claim that he was deprived of any water to which he was entitled by contract. The lease itself was silent as to water. No claim was made that the water was embraced in the lease as an appurtenance, nor that it was to be furnished under an independent contract, nor that there were any actionable fraudulent misrepresentations with respect thereto, upon which defendant acted to his detriment. In fact, the alleged counter-claim appeared to be irrelevant, immaterial and insufficient in the case as stated and as the issued were framed. Of course care must be taken that a motion to strike be not substituted for a demurrer. If technical error was committed in striking the matter it did not prejudice the defendant, for the court gave him ten days within which to amend his answer. If he had any *bona fide* and material counter-claim, ample opportunity was thus given him to plead it. He did not attempt to do so, nor is he here asserting that he has any to present. If he had one, there is no doubt it would have been brought forward. The judgment is affirmed.                    *Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES concur.