CLAY KELLEY, EMPLOYEE, RESPONDENT, v. MRS. E. M. GEORGE HOWARD AND C. H. HOWARD, DOING BUSINESS AS NEVADA BAKING COMPANY, EMPLOYERS, APPELLANTS, CASUALTY RECIPROCAL EXCHANGE AND BRUCE DODSON AND COMPANY, INSURERS, RESPONDENTS.—123 S. W. (2d) 584.

Kansas City Court of Appeals.   November 7, 1938.

*B. C. Howard* for appellants.

*Ewing, Ewing & Ewing* for respondents.

BLAND, J.—This is a proceeding arising before the Compensation Commission. The employers, Mrs. E. M. George Howard and C. H. Howard, partners, doing business as Nevada Baking Company, have appealed from a judgment of the circuit court affirming a final award of the Missouri Compensation Commission, in which Clay Kelly, an employee of said employers, was awarded compensation in the sum of $2035.33, as against the employers, only. The Commission found in favor of the insurance carrier, The Casualty Reciprocal Exchange and Bruce Dodson & Company, on the ground that the reinstatement of the insurance policy issued by them was procured by fraud of the employers after it had been cancelled by the carriers· for nonpayment of the premium; that by reason of the circumstances such reinstatement amounted to fraud on the part of the employers.

The evidence shows that the policy in question was issued on August 1, 1936, insuring the employers for one year; that the same was cancelled by the insurer on November 3, 1936, for nonpayment of the premium; that a compensable accident happened to claimant in the bakery operated by the employers in Nevada, Missouri, on December 10, 1936; that the policy was reinstated on December 11, 1936, as of the date of its cancellation, ᵗto-wit, November 3, 1936, by the payment of the premium by one of the employers to the insurers. According to the testimony adduced in behalf of the insurance carriers the employer who procured the reinstatement of the policy knew of the accident to claimant at the time the reinstatement was procured and, not only failed to disclose the matter to the insurers, but represented that there had been no accident. However, according to the testimony on behalf of the employers, said em-

ployer had no knowledge of the accident at the time the policy was reinstated. The Commission found in accordance with the contention of the insurance carriers; that the employer in question falsely represented that there had been no accident "as far as she knew" and found that the "purported reinstatement was void" and, under the heading "Final Award on Hearing," stated that there was no insurer.

An issue is raised in this court in regard to the competency of the evidence to sustain the finding of the Commission in this regard. As the case will be decided upon another point, it is unnecessary to pass upon this matter.

The employers are not appealing from the award in favor of the claimant against them but, in this appeal, the only question raised is as to the action of the Commission in finding in favor of the insurance carriers.

It is the contention of the employers, among others, that the Commission acted in excess of its powers when it assumed jurisdiction to determine the question of alleged fraud in the reinstatement of the policy and in making a finding and ruling that there had been fraud and that the reinstatement of the policy was void.

It has been held several times by the Supreme Court that the Commission is an administrative agency and is not a court; that the Compensation Act does not vest it with judicial power in a constitutional sense and that it has no power to authoritatively expound any principle of law or equity. [Oren v. Swift & Co., 51 S. W. (2d) 59, 61; State ex rel. Brewen-Clark Syrup Co. v. Mo. Workmen's Compensation Commission, 320 Mo. 893; DeMay v. Liberty Foundry Co., 427 Mo. 495; Waterman v. Chicago Bridge & Iron Works, 41 S. W. (2d) 575. See also Jos. H. Weiderhoff, Inc., v. Neal, 6 Fed. Sup. 798.]

The question as to the power of a commission of this kind to modify, reform, cancel, set aside or to declare void a policy of compensation insurance has not been before the courts of this State, so far as we have been able to find, but such a question has been presented to courts of other states.

In Kelley v. Minneapolis, St. P. & S. S. M. Ry. Co. (Wisc., 240 N. W. 141, 143, the court said:

"No citation of authority is necessary to show that courts of equity have authority in proper cases to modify, reform, or cancel written instruments. On the other hand, the powers of the commission are derived exclusively from the statutes. [Wisconsin Mutual Liability Co. v. Industrial Commission, 190 Wisc. 598, 209 N. W. 697.] No statute is cited by appellants, and we have been unable to find any which even pretends to confer authority on the commission to modify, reform, or cancel written instruments properly

before it for consideration. Any attempt by the Legislature to confer such purely judicial powers upon the commission would no doubt meet with insurmountable constitutional objections. [Klein v. Barry, 182 Wisc. 255, 196 N. W. 457.] While the Workmen's Compensation Act must at all times be liberally construed to the end that its beneficent purposes may be fully carried out, we find no sanction in the law for the contention herein made that the commission may exercise such purely judicial powers." [See, also, Jones v. St. Joseph Iron Works (Mich.), 180 N. W. 374.]

In Farmers Gin Co. v. Jones, 146 Okla. 79, it was held that the State Industrial Commission had no jurisdiction to determine whether a policy had been cancelled under certain provisions of the policy, itself, wholly apart from the provisions of the statute and by giving notice as therein provided. [See, also, Beck v. Davis (Okla.), 54 Pac. (2d) 371; R. S. Smith Construc. Co. v. Newcomb (Okla.), 71 Pac. (2d) 1091; United States Casualty Co. v. Ledford (Okla.), 70 Pac. 817.]

In Lumbermen's Reciprocal Ass'n v. Henderson (Tex.), 15 S. W. (2d) 565, the court held that the commission had no jurisdiction to set aside a compromise and settlement agreement of a compensation claim alleged to have been fraudulently procured, the court saying, l. c. 566; "Averements of fraud in procurement are essentially of judicial cognizance." [See, also, Commercial Casualty Ins. Co. v. Hilton (Tex.), 87 S. W. (2d) 1081.]

The case of Continental Casualty Company v. Industrial Commission of Utah, 61 Utah, 16, involved the question, among others, of the jurisdiction of the State Industrial Commission to declare a policy of insurance void on the ground of fraud in that it had been procured by the employer after the accident to the claimant. The court said, l. c. 20:

"The Industrial Commission of this State is an administrative body. Some of its acts, in fact many of its acts, are *quasi*-judicial, but it is in no sense a judicial body, and is distinctly an administrative body. [Industrial Comm. v. Evans, 52 Utah, 394, 174 Pac. 825; Utah Fuel Co. v. Ind. Comm., 57 Utah, 246, 194 Pac. 122.] The question of the dependency being admitted, the issuance and delivery of the policy also being admitted, and the accident happening within the time covered by the policy, the Industrial Commission was without authority to determine or hold that its terms were not in force and binding upon the casualty company at the time of the accident. If the policy was obtained by fraud or if a mistake was made in fixing the date when the same should become effective, the Industrial Commission is not the tribunal to grant the plaintiff relief. The policy was issued for a consideration named by the agent of plaintiff. The consideration was admittedly paid. We know of no prin-

ciple of law, nor has any been called to our attention denying to parties the right to assume obligations antedating the date of the contract if the parties so elect and the contract is founded upon a consideration. The policy was before the commission. The commission had no power to do otherwise than to enforce and apply its terms as the same appear in the policy."

It was also held in the same case that the commission was without authority to so construe and apply a contract of insurance as to cover workmen in the employ of one not named in the policy as the insured.

However, the Supreme Court of California had held that, under the peculiar provisions of the constitution and statutes of that State, the commission had jurisdiction to reform a policy on the ground of mutual mistake of the applicant and the agent for the insurance company in naming the insured as a co-partnership when an individual was intended (Bankers Indemnity Ins. Co. v. Ind. Acc. Comm., 47 Pac. (2d) 719; also that the commission has jurisdiction to determine whether a policy was procured by the fraud of the employer (General Accident, Fire & Life Assur. Corp. v. Ind. Acc. Comm., et al., 196 Calif. 179), and that the commission has jurisdiction of a cause wherein there was claimed a breach on the part of the employer of certain warranties contained in the policy of insurance and that upon learning of such breach the carrier had cancelled the policy. [Employers Liability Corp. v. Ind. Acc. Comm., 177 Calif. 771.] On the case of Bankers Indemnity Ins. Co. v. Ind. Acc. Comm., *supra,* l. c. 722, 723, the California Court distinguished that case from Allied Mutuals Liability Ins. Co. v. Interstate Cork Co., 235 N. Y. S. 541, 543; Kelly v. Minn., St. P. & S. S. M. Ry., *supra,* and Continental Casualty Co. v. Ins. Comm., *supra,* and in this connection stated:

"In the first two of these cases it appears that the powers of the industrial board in one instance and the Industrial Commission in the other were conferred by legislative enactment without proper constitutional warrant or authority, and it was held, in the words of the Supreme Court of Wisconsin: 'Any attempt by the Legislature to confer such purely judicial powers upon the commission would no doubt meet with insurmountable constitutional objections.' These two cases have no controlling influence in this jurisdiction, where the Legislature enactment conferring judicial powers upon the commission is expressly authorized by the Constitution. In the case from the Supreme Court of Utah it was held that the Industrial Commission of that State 'is in no sense a judicial body,' but is an administrative body. It does not clearly appear from that decision nor from the two cases from that court cited in the opinion, the basis upon which the decision rests, but it is apparent that the decision of the Supreme Court of Utah is not in harmony with the

decisions of this court, which hold that the commission in matters within its jurisdiction *acts as a judicial body and exercises judicial functions and in legal effect is a court."* (Italics ours.)

The Constitution of Missouri did not create the Workmen's Compensation Commission and does not expressly confer upon the Legislature the authority to establish such a commission, but Section 1 Article 6, provides: "The judicial power of the State, except as otherwise therein provided," shall be vested in certain named courts. Our Supreme Court, as before stated, has expressly held that the Compensation Act does not purport to vest the commission with judicial powers in a constitutional sense and that, although it properly exercises some powers of a *quasi*-judicial nature, it is not a court and cannot authoritatively expound any principle of law or equity. [Oren v. Swift & Co., *supra;* State ex rel. Brewen-Clark Syrup Co. v. Mo. Workmen's Compensation Commission, *supra;* DeMay v. Liberty Foundry Co., *supra.*] So, we deem the California decisions on the question before us not in point.

In reference to this matter the latest decision of the Court of Appeals of the State of New York seems to put that State in the same class as California. [See Royal Indemnity Co. v. Heller, 256 N. Y. 322.] It was said in Bankers Indemnity Ins. Co. v. Ind. Acc. Comm., *supra,* l. c. 723: "There is slight, if any material difference in principle between the Constitution and statute of New York and those of this State relating to the creation of an independent tribunal for the recovery of compensation by injured employees."

We find no case where the jurisdiction of a workmen's compensation commission has been upheld to declare void a policy of workmen's compensation insurance where the constitutional provisions and statutes relating to the matter under discussion are at all like those in our State, but the trend of the decisions in States having laws on the subject similar to our own are all to the contrary. If a purely administrative body, such as our Workmen's Compensation Commission, is empowered to pass upon such questions as the one here involved, then all distinctions between such bodies and our courts are abolished and they all have co-ordinate jurisdiction in all purely judicial controversies where compensation is directly or indirectly involved. This cannot be. We are of the opinion that the Workmen's Compensation Commission, in the case at bar, attempted to exercise jurisdiction conferred only upon the courts of this State. Therefore, it was without jurisdiction of the controversy.

When the question of fraud in the procurement of the policy was raised before the Commission it should have refused to give any consideration to it and proceeded with the case as though no such question had been raised. [Dyett v. Harney, 53 Colo. 381; Kienzie v. Gardner, 73 N. J. L. 258; Martin v. Eastman, 109 Wisc. 286; Gimbel & Son v. Gomprecht, 89 Tex. 497.] "The policy was before

the Commission. The Commission had no power to do otherwise than to enforce and apply its terms as the same appear in the policy." [Continental Casualty Co. v. Industrial Comm. of Utah, *supra,* l. c. 20.]

It appears that the insurance carriers had knowledge of all of the facts surrounding the reinstatement of the policy at least as early as April 21, 1937. They notified the employers on May 26, 1937, that the policy would be cancelled on June 6, 1937. They did not offer to return the premium, or any part thereof, until the trial of the case before the referee, which was on June 29, 1937. At that time their counsel stated: "We want to tender here now to Mrs. Howard the $51.30 paid on the policy at the time of the reinstatement, and would like the record to show that the cash is here if the reporter wants to count it." Counsel for the employers refused to accept "any part" of the premium. The Commission made no ruling in reference to the question as to whether there was a timely tender of the premium to the employers and we need not pass upon the matter because, as the Commission had no jurisdiction of the controversy involved in this appeal, we have none in this proceeding.

There was no appeal by the claimant from the award in favor of the insurance carriers denying him compensation as to them. The appeal is solely by the employers. Consequently, this case has resolved itself into a controversy between the employers and the insurance carriers. It has been held that the Commission has no jurisdiction to decide controversies between the employer and the insurance carrier growing out of a contract between them. [Farmers Gin Co. v. Jones, *supra*; Erickson v. Kircher, 168 Minn. 67; Porter v. Industrial Comm., 181 N. W. 317 (Wisc.); Hamberger v. Woolf-Smith Co., 200 N. Y. S. 803.] Whether these cases are authority for a holding that, even had the Commission authority, in the case at bar, to cancel the policy as to the claimant, it was without jurisdiction to declare it void as to the employers, we do not decide.

However, it is claimed that because the employers sought relief under the Compensation Act against the insurance carriers and upheld the jurisdiction of the Commission when such question was raised at the time the cause was before it, they are now estopped to raise the question of jurisdiction, and are also estopped because the insurers altered their position to their disadvantage after the employers contended that the Commission had jurisdiction and after the Commission had adjudicated such issue, in that the insurers, on May 25, 1937 (before the hearing by the Commission) filed an action in equity in the Circuit Court of Vernon County, seeking to cancel this policy of insurance upon the ground that the reinstatement thereof had been procured by fraud and that, on January 28,

1938 (after the Commission had adjudicated such question) insurers dismissed said action. An examination of the record shows that the insurers contended before the Commission that it had no jurisdiction of the question and that the employers contended that it had. Whatever may be the effect of this circumstance on the contention of the insurers we may dispose of the point by saying that it is well settled that jurisdiction cannot be acquired by the Commission by estoppel, agreement, waiver or contract. [Kindall v. McBirney, 11 Pac. (2d) 370 (Idaho) and cases cited. See, also, Porter v. Industrial Commission, *supra*, l. c. 318; City Council of Augusta v. Reynolds, 178 S. E. 485 (Ga.); Thompson, Dependents v. Johnson Funeral Home, 172 S. E. 500 (N. C.); Parker v. Travelers Ins. Co., 163 S. E. 159 (Ga.).]

The question presented is the existence of jurisdiction in the board and not its erroneous exercise and, therefore, respondents' cases are not in point.

Respondents call our attention to section 3339, Revised Statutes 1929, directing that the Commission "hear the parties at issue and their representatives and witnesses and determine the dispute." This section does not purport to authorize the Commission to exercise a jurisdiction denied it by the Constitution of this State but, refers to the determination of such issues over which it has jurisdiction. To construe the statute any other way would render it unconstitutional and this the courts are loath to do if a statute can be reasonably construed so as to uphold its constitutionality.

It is insisted that the employers have raised a constitutional question in urging that the Commission had no jurisdiction over the question presented in this appeal and, therefore, the jurisdiction of the appeal is in the Supreme Court.

No constitutional question is presented in this case. The constitutionality of the Workmen's Compensation Act has been upheld by the Supreme Court on several occasions. [Oren v. Swift, *supra*; DeMay v. Liberty Foundry Co., *supra*; Waterman v. Chicago Bridge & Iron Works, *supra*.] The point raised involves an application of the Constitution rather than its interpretation. [Supreme Lodge of the World et al. v. Paramount P. O. of Moose, 17 S. W. (2d) 327; Brooklyn Canning & Packing Co. v. Evans, 238 Mo. 599; Stegall v. Pigment & Chemical Co., 263 Mo. 719.]

Under the statute (section 3325, R. S. 1929) the liability to the employee of the employer is primary and direct if he carries no insurance. If he carries insurance his liability is secondary and indirect and the liability of the insurer is primary and direct. Therefore, it is apparent that the employers are injured by the award of the Commission declaring that the insurance policy was void. [Wiggin v. St. Louis, 135 Mo. 558.]

It appears to be conceded that a compensable injury was received

by the claimant and that the award, at least as against the employers was a proper one. The employers being secondarily liable and the liability of the insurance carriers primary, the employers are entitled to an award fixing the liability in accordance with the relationship between them. The judgment is therefore, reversed and the cause remanded with directions to the trial court to modify the award by adjudging the Casualty Reciprocal Exchange and Bruce Dodson and Company, insurance carriers, primarily liable to the claimant on the award and the employers, E. M. and C. H. Howard, secondarily liable. *Shain, P. J.,* concurs; *Kemp, J.,* not sitting.