Herschel HARRIS, Employee-Respondent,

v.

PINE CLEANERS, Inc., Employer, American Casualty Company, Insurer, Appellants,

Bituminous Casualty Corporation, Insurer, Respondent.

No. 44873.

Supreme Court of Missouri.

En Banc.

Nov. 12, 1956.

Rehearing Denied Dec. 10, 1956.

Harlan & Harlan, John L. Harlan, Sr., St. Louis, Joseph Nessenfeld, St. Louis, of counsel, for appellants.

Albert I. Graff, Malcolm I. Frank, St. Louis, for respondent Bituminous Casualty Corp.

LEEDY, Chief Justice.

This is a workmen's compenation case. It and a companion case, Cain v. Robinson Lumber Co., 295 S.W.2d 388, decided concurrently herewith, reached this court on transfer from the St. Louis Court of Appeals. The opinions there adopted are reported, respectively, in 274 S.W.2d 328, and 273 S.W.2d 741. Transfers were ordered by this court to resolve the uncertainty presently existing in the decisional law as enunciated by the Kansas City Court of Appeals in Kelley v. Howard, 233 Mo. App. 474, 123 S.W.2d 584, and by this court (in reviewing the latter decision) in Liechty v. Kansas City Bridge Co., Mo.App., 162 S.W.2d 275, in relation to the extent of the power and authority of the Industrial Commission, and particularly whether it embraces the matter of determining the existence, or not, of insurance coverage under the facts here in question.

In the case at bar the Industrial Commission made an award in favor of the employee Harris and against appellant Pine Cleaners, Inc., as employer and American

Casualty Company as insurer, and dismissed, the claim as against Bituminous Casualty Corporation (hereinafter referred to as Bituminous), against which the employee also proceeded as an insurer. The Circuit Court affirmed the award, and the employer and insurer American Casualty Company appealed to the St. Louis Court of Appeals, where, as regards the employee, the conclusion reached amounted to an affirmance of the action of both the Circuit Court and the Commission.

The facts upon which the Commission found Bituminous was not an insurer of Pine Cleaners, Inc., employer, for workmen's compensation insurance on May 24, 1951, the date of the accident, appear in the opinion of the Court of Appeals, as follows:

"For a number of years John and Angeline Lekometros conducted a partnership under the name of Pine Hat Cleaning Works. Prior to September, 1950, they operated several cleaning establishments, one of which was located at 202 North 18th Street in the City of St. Louis, Missouri.

"One A. L. McCormack handled John and Angeline's insurance business. As old policies expired, he would, without specific authorization from John, order renewals. On being billed for the premiums John would pay them. McCormack was general agent for Bituminous Casualty Corporation. He had authority to bind the company on risks.

"In May of 1950, he ordered a Bituminous policy covering three of the cleaning establishments operated by John and Angeline Lekometros, including the North 18th Street location. This policy was effective from May 10, 1950 to May 10, 1951.

"In September, 1950, Steve Lekometros, nephew of John and son of Angeline, incorporated the North 18th Street establishment under the name of Pine Cleaners, Inc., with Steve as President, John as Vice-President and Angeline a stockholder. At the time of the incorporation, Steve had one Ed McCauley to write the workmen's compensation policy for the corporation. McCauley procured a policy from appellant American Casualty Company, covering the period from September, 1950 to September, 1951.

"On or about May 10, 1951, when the May 1950 Bituminous policy expired, McCormack ordered a renewal policy from Bituminous for the period May 10, 1951 to May 10, 1952. This policy was written in the name of John and Angeline Lekometros, d/b/a Pine Hat Cleaning Works, and covered the same three establishments as the original policy. Neither John nor Steve ordered this policy but McCormack wrote it as a renewal in accordance with his practice. Sometime after May 10, McCormack delivered this renewal policy to John Lekometros and was told by John that he would have to 'cut out' the 18th Street location because it had been incorporated under the name of Pine Cleaners, Inc. John told McCormack to take the partnership policy back and to renew it, omitting the 18th Street location. He also told McCormack that he would have to see Steve Lekometros about the insurance for the 18th Street place.

"On May 18, 1951 McCormack ordered two new compensation policies from Bituminous, one covering the remaining establishments of the partnership and the other to be in the name of Pine Cleaners, Inc., covering the 18th Street location. Both of these policies bore date of May 28, 1951 but purported to be effective May 10, 1951, for a period of one year.

"McCormack delivered the partnership policy to John. A day or so later he attempted to deliver the policy covering the 18th Street location to Steve but was told that he, Steve, already had compensation insurance for the corporation and Steve refused to accept the policy. The policy was returned to Bituminous and was cancelled, effective May 10, 1951.

"On May 24, 1951, respondent Herschel Harris sustained an injury as a result of an accident arising out of and in the course of

his employment by Pine Cleaners. It is agreed that he is entitled to compensation.

"Steve Lekometros was notified of the injury early on the morning of the 25th and he called to see employee in the hospital on the following Sunday, May 27. Steve notified McCauley of the accident and thereafter American issued checks in payment of compensation.

"A few days before June 8, 1951, 'someone from Pine Cleaners' notified Albert I. Graff, Claims Attorney for Bituminous, of employee's accident. Without knowledge that its policy had never been delivered, Bituminous sent employee three checks, aggregating $150 and covering six weeks compensation.

"Upon receiving these checks from two different companies, employee told his attorney. The attorney checked with Steve about duplicate policies and thereafter American and Bituminous became aware that each was sending compensation checks to employee. Both ceased sending payments, Bituminous because it claimed no policy was in existence, and American because it claimed it was liable for only one-half of the compensation."

Appellants contend that it was beyond the power and authority of the Commission to make the determination that, upon the foregoing facts, Bituminous was not an insurer of the liability of Pine Cleaners, Inc., for workmen's compensation and to dismiss the claim against Bituminous for that reason. It is their contention that such an issue is equitable in nature, and involves the exercise of judicial power, and hence cognizable only in the courts, the argument being that the Industrial Commission, as an administrative agency, has not been and could not be granted such power because under the Constitution the same is vested exclusively in the courts. In support of this contention appellants rely on Kelley v. Howard, supra, and Liechty v. Kansas City Bridge Co., supra. On the other hand, the Court of Appeals in disallowing the contention

based its holding primarily on the Liechty case.

In the Kelley case the Commission had awarded the employee compensation as against the employer only, on the ground that the purported reinstatement of the insurance policy was procured by fraud of the employer after it had been cancelled by the carrier for nonpayment of premium. On appeal to the Kansas City Court of Appeals it was held that the Commission had no jurisdiction to determine whether the reinstatement had been procured by the employer's fraud, and therefore the Commission had no power to do otherwise than enforce and apply the policy according to its terms, for the reason that jurisdiction over such controversies, under our Constitution and laws, is vested exclusively in the courts of the state.

The Liechty case came to this court on certification from the St. Louis Court of Appeals, the latter court deeming its opinion in said cause to be in conflict with Kelley v. Howard. It was an action against Kansas City Bridge Company and the Missouri Workmen's Compensation Commission to have a divorce decree declared void, and to enjoin the defendants from offering or receiving in evidence such divorce decree in a contested claim before the Commission. The Liechty opinion in the St. Louis Court of Appeals was adopted verbatim as the opinion of Division One of this court, to which the division added a paragraph the effect of which was to distinguish it from Kelley, and in doing so used language which may be subject to the interpretation that the authority of the Commission is limited to the determination merely of whether a claimant is entitled to compensation without regard to whether there was or was not a policy of insurance in force at the time of the injury. That language is this [162 S.W.2d 280]: "The fundamental question in all compensation cases is whether the claimant is entitled to compensation, and the Commission, of necessity, if it is to properly function, must

have the authority, though judicial in nature it may be, to determine that fundamental question, and it must be conceded that under the statute, sec. 3689 et seq. R.S. 1939, Mo.R.S.A. § 3689 et seq. [V.A.M.S. § 287.010 et seq.], the Commission has the authority to make the necessary rulings in order to reach a conclusion as to such fundamental question. Such is the ruling in the opinion we adopt, and there is nothing in the Kelley case to the contrary. In that case it was not necessary for the Commission to determine whether the policy had been fraudulently reinstated in order to determine whether or not the claimant employee was entitled to compensation." But said the court earlier in the same opinion: "A careful consideration of the matter compels us to conclude that the Missouri Workmen's Compensation Commission should not only have the right, but that it is its duty, to receive evidence, to pass upon its probative effect, *and to rule upon every issue presented which pertains to a determination of liability under the Act.* We are impelled to this conclusion by the firm view that the Commission must have such power, otherwise endless complications and delays would be introduced into the administration of the Act." (Emphasis the present writer's.)

■ It was under this doctrine that the Court of Appeals was of the view, and so held in its opinion upholding the discharge of Bituminous that "the Commission, in determining liability under the Act, possesses the power and the authority to apply principles of law as announced by our appellate courts to the facts found; that a determination of who is liable for compensation to an employee is one of the duties of the commission; and that the commission has the

authority and it is its duty to discharge anyone whom it finds to be not liable under the Act." We have concluded that under this formula (which is bottomed directly on the Liechty case) the authority of the Kelley case as a precedent should be expressly limited. Accordingly, the Kelley case is overruled to the extent that it denies to the Commission jurisdiction to determine the issue, where raised, as to whether there was live and subsisting insurance coverage at the time of the accident. Such question is part and parcel of the ultimate determination of liability under the Act of those persons before the the Commission, and hence within the Commission's jurisdiction.

■ Having thus disposed of the single point on which transfer of these cases was ordered, and being satisfied with the result and reasoning of the opinion of the Court of Appeals, we approve the same as if herein fully set forth. That court correctly decided that the Commission did not have the power to order American Casualty Company to reimburse Bituminous for the payments mistakenly made by the latter to the employee, and so, therefore, the judgment of the circuit court is reversed and the cause is remanded with directions to the trial court to reverse the award and remand the cause to the Industrial Commission with directions to said Commission to enter a new award in favor of the claimant, the same in all respects as the one heretofore entered, except that portion thereof reading as follows: "that American Casualty Company shall reimburse Bituminous Casualty Corporation for said amount of $150.00 paid by mutual mistake."

All concur.