Henry MIKEL, Employee–
Claimant/Respondent,

v.

POTT INDUSTRIES/ST. LOUIS SHIP,
Employer/Respondent,

and

Missouri Property & Casualty Insurance
Guaranty Association, et al.,
Appellants.

No. 77380.

Supreme Court of Missouri,
En Banc.

April 25, 1995.

Adrian P. Sulser, James B. Kennedy, Gerre S. Langton, St. Louis, for appellant.

W. Stanley Walch, Mark Sableman, Mike W. Bartolacci, St. Louis, for respondent.

COVINGTON, Chief Justice.

The Missouri Property and Casualty Insurance Guaranty Association appeals from a final workers' compensation award entered by the Labor and Industrial Relations Commission in favor of Henry Mikel. This Court granted transfer after opinion by the court of appeals. The issue is whether the Labor and Industrial Relations Commission has jurisdiction to determine whether the claim in the present case is a covered claim within the meaning of § 375.785.3(2), RSMo 1986.[1] Retransferred.

Henry Mikel was employed by St. Louis Ship, a division of Pott Industries (Pott), from 1967 until 1984. Midland Insurance Company (Midland) was Pott's workers' compensation insurance carrier from 1977 until Midland was declared insolvent on April 3, 1986. In the New York insolvency proceedings, the court established April 3, 1987, as the last day upon which to file claims. Pott filed a proof-of-claim form for each of the workers' compensation policies written from 1977 to 1986. Each proof-of-claim form stated that Pott claimed workers' compensation coverage in unstated amounts up to the limits of the policy. None of the proof-of-claim forms identified Mikel as a claimant.

In 1989, Mikel filed a workers' compensation claim against Pott, alleging that he contracted asbestosis while he was employed by St. Louis Ship. Because Midland was insolvent, the Missouri Property and Casualty Guaranty Association (the association) was notified of the claim. The Labor and Industrial Relations Commission (the commission) held that the association stood in the shoes of Midland. The commission held that Mikel was entitled to compensation and ruled that the association was liable to pay Mikel $12,536.80 plus interest. The association appealed.

■ The association is an unincorporated legal entity created by the legislature for the purpose of protecting the public from insolvent insurers. It is obligated to pay covered claims of certain insolvent insurers. § 375.785.4(1)(a).[2] The association is "deemed the insurer to the extent of its obligations on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." § 375.785.4(1)(b). In Missouri, an insured employer's liability is secondary and indirect; the insurer is primarily and directly liable. §§ 287.300, .035. Accordingly, if Pott's proof-of-claim forms submitted to the insolvency court were timely and sufficient to invoke coverage for Mikel's claim, then the association is obligated to Mikel to the same extent that Midland would have been obligated had it not become insolvent.

For present purposes, a covered claim is one presented to the insolvency court "within the time specified in accordance with subsection 1 of section 375.670." § 375.785.3(2). Section 375.670.1 provides that the court before which an insolvency action is proceeding shall limit the time for the presentation of claims against the insurer, and the claims of any creditor neglecting to present them within the time so limited are barred. *See also*

1. Unless otherwise indicated, all statutory references are to RSMo 1986.

2. Section 375.785 created an entity called the Missouri Insurance Guaranty Association. Section 375.785 was repealed in 1989 and replaced, in so far as the present case is concerned, by a new statute codified at §§ 375.771–.779, RSMo 1994. This new statute created the appellant in the present case, the Missouri Property and Casualty Insurance Guaranty Association.

§ 375.785.4(1)(a)c ("A third party having a covered claim against an insured of an insolvent member insurer may present such claim within the time period provided by the court....").

The association asserts that the commission lacks subject-matter jurisdiction to determine whether the present case involves a covered claim. The association argues that the question of whether it is liable to Mikel is an issue suitable only for judicial determination. The association notes that a declaratory judgment action provides an appropriate method of determining controversies concerning the construction of statutes and the duties of government agencies thereunder. *See Regal–Tinneys Grove Special Road Dist. v. Fields*, 552 S.W.2d 719, 722 (Mo. banc 1977). The declaratory judgment is a judicial remedy. *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69, 75 (Mo. banc 1982). The association argues that by construing § 375.785 and determining the association's duties under it, the commission performed a judicial function in violation of the state constitution.

The association is correct in its assertion that the judicial power of the state is vested in the courts. Mo. Const. art. V, § 1. Agency adjudicative power extends only to the ascertainment of facts and the application of existing law to the facts in order to resolve issues within areas of agency expertise. *State Tax Comm'n*, 641 S.W.2d at 75; *Bridge Data Co. v. Director of Revenue*, 794 S.W.2d 204, 207 (Mo. banc 1990). Like all administrative bodies, the commission has only such jurisdiction as is conferred upon it by statute. *Soars v. Soars–Lovelace, Inc.*, 346 Mo. 710, 142 S.W.2d 866, 871 (1940). The legislature has granted the commission those powers necessary to the proper discharge of its duties under the workers' compensation law. § 287.650; *Liechty v. Kansas City Bridge Co.*, 162 S.W.2d 275, 279 (Mo.1942).

The association's contention that the question of whether it is liable to Mikel is an issue suitable only for judicial determination gives insufficient weight to the opinions of this Court interpreting the jurisdiction of the commission. It is well settled that the commission does not exceed its constitutional jurisdiction when it decides legal issues in the course of performing its core function of determining liability. *Harris v. Pine Cleaners, Inc.*, 296 S.W.2d 27, 30 (Mo. banc 1956) (holding that commission, "in determining liability under the Act, possesses the power and authority to apply principles of law as announced by our appellate courts to the facts found"). In performing its statutory duties, the commission must routinely determine questions of a purely legal nature. *Liechty*, 162 S.W.2d at 279. The commission's duty is to "rule upon every issue presented which pertains to a determination of liability under the Act." *Id.* at 280. In a workers' compensation proceeding, liability is not fixed until it is determined from whom the employee is entitled to recover. *Highley v. Martin*, 784 S.W.2d 612, 617 (Mo.App. 1989). This Court held in *Harris* that the commission has subject-matter jurisdiction to determine which of two insurers is liable to an injured worker. 296 S.W.2d at 30. The commission is authorized to determine the validity of insurance policies. *Cain v. Robinson Lumber Co.*, 365 Mo. 1238, 295 S.W.2d 388 (banc 1956). The commission has jurisdiction to consider the defense of res judicata and to determine whether it should bar recovery. *Overcash v. Yellow Transit Co.*, 352 Mo. 993, 180 S.W.2d 678, 684 (1944). In *Liechty*, this Court held that the commission may determine whether to give full faith and credit to the judgment of a court of a sister state. 162 S.W.2d at 280 (holding that commission may determine whether foreign judgment of dissolution was procured by fraud).

The considerations underlying the holdings of such cases as *Harris* and *Liechty* are applicable in the present case. Because a determination of whether the association is liable to Mikel is essential to the commission's function of determining liability under the workers' compensation law, the commission has subject-matter jurisdiction to decide the issue. Were this Court to accept the association's argument, workers' compensation actions before the commission would be needlessly delayed pending the outcome of a declaratory judgment action each time the association is joined as the guarantor of an

insolvent insurer. Such a piecemeal practice would lead to delay, confusion, and inconsistency in the administration of the workers' compensation system. *See Liechty,* 162 S.W.2d at 279; *Harris,* 296 S.W.2d at 30. Although the commission may not render declaratory judgments, *State Tax Comm'n,* 641 S.W.2d at 76, it has subject-matter jurisdiction to apply existing law in order to resolve the issues before it, *id.* at 75.

 The association contends that appellate opinions of the courts of this state require this Court to hold that the commission exceeded its jurisdiction in the present case. The association is correct to the extent that it notes that the commission's adjudicatory power is not plenary. The commission may not exercise wholly judicial powers. *Id.* at 76. The commission may not decide issues that the legislature has committed to the exclusive jurisdiction of the courts. *See Poole Truck Lines, Inc. v. Coates,* 833 S.W.2d 876, 878 (Mo.App.1992) (holding that action under Uniform Parentage Act provides exclusive means for determining paternity, precluding determination by commission). The association relies upon *Hunt v. Laclede Gas Co.,* 869 S.W.2d 770, 773 (Mo. App.1993), in which the court of appeals held that the commission lacked subject-matter jurisdiction to determine which of two shareholders of a professional corporation was entitled to an award of attorney's fees. The issue in *Hunt,* however, did not go to a determination of liability under the workers' compensation law, but to a dispute between persons who were not parties to the action. Since this Court decided *Harris,* no court of this state has held that the commission lacks subject-matter jurisdiction to determine whether a party to a workers' compensation proceeding is liable.

The association makes several other arguments: that the commission erred in concluding that the proof-of-claim forms submitted by Pott were timely and sufficient to invoke the association's liability; that the commission had no personal jurisdiction over the association; and that the proceedings before the commission denied the association due process. The court of appeals, finding the issue of subject-matter jurisdiction dispositive, did not reach these issues.

 This Court holds that the commission has jurisdiction to determine whether the claim in the present case is a covered claim within the meaning of § 375.785.3(2). The cause is retransferred to the court of appeals for consideration of the remaining issues raised by the association.

HOLSTEIN, BENTON, THOMAS, LIMBAUGH and ROBERTSON, JJ., concur.

PRICE, J., not sitting.