Robert STONECIPHER, Appellant,

v.

TREASURER OF the STATE of Missouri, as Custodian of the Second Injury Fund, Respondent.

No. 28658.

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 2008.

Jeffrey P. Gault, Gault & Warner, LLC, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah A. Ledgerwood, Office of the Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

This is the second appeal of this case. The facts are detailed in *Stonecipher v. Poplar Bluff R1 School Dist.*, 205 S.W.3d 326 (Mo.App.2006)(*Stonecipher I*). We summarize only the background salient to this appeal.

### Facts and Procedural Background

Appellant (Claimant) was injured on the job and sought workers' compensation benefits from his employer (Employer) and the Second Injury Fund (Fund). An ALJ ruled that the accident caused Claimant a 35% permanent partial disability (PPD), equating to 140 weeks of compensation at $329.42 per week owed by Employer. The ALJ also found that all of Claimant's current and prior disabilities combined to render him permanently totally disabled (PTD), and Fund had PTD liability "beginning March 19, 2003." The PTD rate was $9.45 higher—$338.87 per week. Thus, the ALJ's award provided that:

> [Employer] shall pay 140 weeks of permanent partial disability at the rate of $329.42 per week beginning March 19, 2003 for a total of $46,118.80. The Second Injury Fund shall pay permanent total disability at the rate of $338.87 per week. For the first 140 weeks of this disability, the Second Injury Fund is liable for the difference in the PPD and PTD rates of $9.45 per week. Beginning November 23, 2005, the Second Injury Fund shall be liable for the entire permanent total disability of $338.87 per week.

Although Employer sought review by the Labor and Industrial Relations Commission (Commission), Fund did not and expressly disavowed participation in any review of the ALJ's award.

On review, the Commission reduced Employer's PPD liability from 35% (140 weeks) to 10% (40 weeks). Despite Fund's refusal to seek relief or participate in the proceedings, the Commission also set aside the PTD award and absolved Fund of all liability. *Stonecipher I* held that the Commission exceeded its power in setting aside Fund's liability without giving Claimant appropriate notice and opportunity to be heard; vacated that part of the Commission's award; and remanded the case for further proceedings. 205 S.W.3d at 333–34.

In March 2007, the Commission issued a one-page final award that described the case history, then stated in pertinent part:

> Pursuant to the Court's opinion and mandate, we issue this award.
>
> *Second Injury Fund Liability:*
>
> The administrative law judge awarded permanent total disability benefits against the Second Injury Fund. The Second Injury Fund did not file an Application for Review requesting Commission review of the award of permanent total disability. We affirm the administrative law judge's award of permanent

total disability benefits against the Second Injury Fund.

No one appealed this award. Employer thereafter paid its 40 weeks of PPD. In June 2007, Fund tendered Claimant PTD at the $9.45 differential rate for 140 weeks, and at the full $338.87 PTD rate thereafter. Claimant protested that Fund owed the full $338.87 PTD rate—not just the $9.45 differential—after Employer's 40 weeks of PPD.[1] Meeting no success with Fund, Claimant moved the Commission to set an informal conference and "enter its order requiring the Second Injury Fund to pay" the monies at issue, plus interest, costs, and Claimant's attorney fees. The Commission dismissed the motion, and Claimant appeals.

## Discussion

■ The Commission correctly discerned that Claimant was asking it to enforce an award, which is a judicial function the Commission cannot perform. *Baxi v. United Technologies Automotive Corp.*, 122 S.W.3d 92, 96 (Mo.App.2003); *Carr v. North Kansas City Beverage Co.*, 49 S.W.3d 205, 207 (Mo.App.2001). Thus, the Commission did not err in denying Claimant's motion as presented.

■ With respect to the award, however, "[i]t is the Commission's duty to rule upon every issue presented which pertains to a determination of liability in a workers' compensation claim; *liability is not fixed until it is determined who is entitled to what from whom.*" *Highley v. Martin*, 784 S.W.2d 612, 617 (Mo.App.1989)(our emphasis). *See also Mikel v. Pott Industries/St. Louis Ship*, 896 S.W.2d 624, 626 (Mo. banc 1995), agreeing that workers' compensation liability is not fixed "until it

is determined from whom the employee is entitled to recover."

■ The Commission's initial award adopted parts of the ALJ's award and modified others. After the *Stonecipher I* remand, the Commission entered another final award—incomplete on its face without reference to the earlier award, but not incorporating it by reference—which reinstated some (but not all) previously modified parts of the ALJ's award. The unintended result is a series of documents that, even considered together, no longer fully and expressly identify "who is entitled to what from whom" (*Highley*), and particularly "from whom the employee is entitled to recover" (*Mikel*) all of his PTD award. Since the Commission is required to so indicate, and to rule upon every issue pertaining to a determination of liability (*Mikel*, 896 S.W.2d at 626; *Liechty v. Kansas City Bridge Co.*, 162 S.W.2d 275, 280 (Mo. 1942)), it erred as a matter of law and acted without or in excess of its jurisdiction in failing to enter a complete award. This failure was inadvertent and appears easily curable on remand. We remand for rehearing so the Commission can state with particularity from whom Claimant is entitled to recover all of the PTD benefits heretofore awarded by the Commission.[2]

PARRISH, P.J., and BATES, J., concurs.

---

1. RSMo § 287.220.1 requires Fund to pay any remaining PTD compensation due "in addition to the compensation for which the employer is liable *and after the completion of* payment of the compensation by the employer*"* (our emphasis).

2. That said, we do not prescribe the procedure by which the Commission shall proceed.