**PONCA CITY BOARD OF ED. et al. v. BEASLEY et al.**

No. 23056. Opinion Filed May 3, 1932.

Rehearing Denied May 24, 1932.

Randolph, Haver, Shirk & Bridges, B. C. Davidson, and Felix Duval, for petitioners Ponca City Board of Education and the Travelers Insurance Company.

J. E. Burns, for petitioner Frank Lindsey.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent to review an award of the State Industrial Commission in favor of the claimant.

The board of education of the city of Ponca City advertised for bids for the painting and decorating of certain school buildings belonging to the school district. One Frank Lindsey was the successful bidder, and the contract was entered into by correspondence with him to do the work. He was to furnish the material and do the work under the supervision of one Fred Heisler, representing the board of education. Mr. Lindsey employed the claimant and others to help him with the work. While the claimant was engaged in that work he fell from a scaffold and received an injury which resulted in permanent total disability. The State Industrial Commission awarded him compensation at the rate of $18 per week for 500 weeks. We think that it is necessary herein to determine only one question.

By the provisions of subdivision 3, section 7284, C. O. S. 1921, as amended by section 2, chap. 61, Session Laws 1923, the term "employer" means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, or corporation, employing workmen in hazardous employment, and "shall include the state, county, city, or any municipality when engaged in any hazardous work," within the meaning of the act, in which workmen are employed for wages. School districts are not, in terms, included in that definition and school districts are within the meaning of the term "employer," as used in the Workmen's Compensation Act only if they are included therein by reason of the use of the term "or any municipality." It would seem that if school districts were intended to be included in the definition, they would have been named therein along with the state, counties, and cities, especially in view of the further provision of subdivision 3, supra, that so long as by state law, city charter, or municipal ordinance, provisions equal to or better than those given under the terms of the act, are made for employees injured in the course of employment, such employees shall not be entitled to the benefits of the act. There is no provision of law for school districts adopting ordinances.

We do not deem it necessary herein to point out the differences that exist between school districts and municipal corporations. They are fundamental and have been recognized since the beginning of our state. We are of the opinion and hold that a school district is not included in the statutory definition for employer under the provisions of the Workmen's Compensation Act, and that a school district is not subject to the provisions of the Workmen's Compensation Act.

The award against the board of education of the city of Ponca City and its insurance carrier, the Travelers Insurance Company, is vacated, and the State Industrial Commission is directed to dismiss the claim against them.

It is contended that the award is erroneous in that there was insufficient proof of the earnings of the claimant. In view of the fact that the evidence was sufficient to justify the minimum award made, we do not consider it necessary to discuss that contention further.

The award against Mr. Lindsey is supported by the evidence, and it is affirmed.

CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., dissents. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (2) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.