Ruth DRISKELL, Petitioner,

v.

INDEPENDENT SCHOOL DISTRICT NUM-
BER ONE OF TULSA COUNTY (Tulsa
County Board of Education) and the State
Industrial Commission of Oklahoma, Re-
spondents.

No. 37855.

Supreme Court of Oklahoma.

March 25, 1958.

Thomas A. Landrith, Jr., Richard K. Mc-
Gee, Tulsa, for petitioner.

Rosenstein, Fist & Mesirow, Tulsa, Mac
Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On September 21, 1956 Ruth Driskell,
petitioner herein, filed a claim for com-
pensation against Independent School Dis-
trict Number One of Tulsa County, Okla-
homa, respondent herein, in which she
states that on the 3rd day of July 1956,
while in the employ of respondent and
while working in a printing shop operated
by said School District she sustained an ac-
cidental injury consisting of heat exhaus-
tion and upper displacement of right clavi-
cle at acromion joint resulting in some per-
manent partial loss of use of her right arm;
that the injury was caused by lifting heavy
book mats and stacks of paper.

The case was assigned to a trial judge for a hearing. No oral evidence was offered at the hearing but the case was submitted to the trial judge on an agreed statement of facts and briefs.

A portion of the facts agreed upon and necessary for consideration in the opinion here are as follows:

"* * * 2. That on and before July 3, 1956, claimant was employed by Independent School District #1 of Tulsa County, Oklahoma, as a printer's assistant in the print shop located at the Central High School Building in the City of Tulsa.

* * * * * *

"4. That the claimant suffered an accidental industrial injury on July 3, 1956, while in the course of her employment and that such injury was sustained when she was required to lift heavy metal weights and place them on the top of unbound manuscript; that as a result of this activity, she suffered an attack of heat exhaustion coupled with sharp pains in her right chest and shoulder. Further, that all such activities were being conducted in connection with the work of the print shop and all such injuries resulted in some degree of permanent disability."

* * * * * *

"7. That the respondent carries no Workmen's Compensation Insurance."

It was further stipulated that petitioner was a regular employee and if recovery is proper she would be entitled to the maximum rate of compensation and pursuant to the report of her physician she had suffered a 15 percent permanent partial disability in addition to her temporary disability.

The trial judge upon such statement of facts entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here for review and contends that the order entered by the Commission is contrary to law.

Respondent in support of the order contends that a school district is not an employer as that term in defined by the Workmen's Compensation Law.

85 O.S.1951 sec. 3 in part provides that an employer:

"* * * shall include the State, county, city or any municipality when engaged in any hazardous work within the meaning of this Act in which workmen are employed for wages; provided, however, that so long as by State law, city charter or municipal ordinances, provisions equal to or better than that given under the terms of this Act, made for such employees injured in the course of employment, such employees shall not be entitled to the benefits of this Act."

In Ponca City Board of Education v. Beasley, 157 Okl. 262, 11 P.2d 466, this court held:

"A school district is not an employer within the meaning of the provisions of the Workmen's Compensation Act of Oklahoma."

In that case the court further stated:

"* * * School districts are not, in terms, included in that definition, and school districts are within the meaning of the term 'employer,' as used in the Workmen's Compensation Act, only if they are included therein by reason of the use of the term 'or any municipality.' It would seem that, if school districts were intended to be included in the definition, they would have been named therein along with the state, counties, and cities, especially in view of the further provision of subdivision 3, supra, that so long as by state law, city charter, or municipal ordinance, provisions equal to or better than those given under the terms of the act, are made for employees injured in the course of employment, such employees shall not be entitled to the benefits of the act. There is no provision of law for school districts adopting ordinances."

This case was later followed and approved in Tri-State Casualty Ins. Co. **v.** La Fon, 205 Okl. 293, 237 P.2d 124.

Petitioner concedes that if the above cases are adhered to the order of the Commission must be sustained. She, however, contends that the reasoning of these cases is erroneous and they should be overruled. It is her contention that the act defines an employer, among others, as "any municipality" and that this includes school districts.

■ The question as to whether a school district may be classified as a municipal corporation depends entirely upon the intent of the legislature in enacting statutes relative to such bodies. In absence of a statute to the contrary it has been frequently held that a school district is not a municipal corporation. See, in this connection, 78 C.J.S. Schools and School Districts § 25, and cases cited in Note 49.

In Butler v. Compton Junior College Dist. of Los Angeles County, 77 Cal.App. 2d 719, 176 P.2d 417, the District Court of Appeal of California, held that a school district was not a municipal corporation within the meaning of the constitutional provisions of that State prohibiting gifts of public money to municipal corporations.

In Fenton v. Board of Com'rs of Ada County, 20 Idaho 392, 119 P. 41, 43, the Supreme Court of Idaho held that a school district is not a municipal corporation within the meaning of section 6, art. 7 of the constitution of that state. The court there said:

"Section 6 of article 7 of the Constitution provides as follows: 'The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation.' * * *

"It is contended by counsel, under the provisions of said section 6 article 7, that the Legislature has no power to authorize or command the county commissioners to make a tax levy of any kind for the benefit of the school districts of the respective counties, for the reason that such districts are municipal corporations, and have the right to levy all needful taxes, without any interference from the board of county commissioners or the Legislature. We are unable to agree with that contention. We do not think that a school district is a municipal corporation within the meaning of that term as used in said section 6."

Petitioner relies largely upon the case of Joint School Dist. No. 132 v. Dabney, 127 Okl. 234, 260 P. 486. This case holds:

"By virtue of section 10337, C.O.S. 1921, school districts of the state are made bodies corporate, and as such they are 'municipal corporations' and are subject to the provisions of Senate Bill 87, chapter 22, Session Laws 1927, relating to the issuance and sale of bonds."

We have examined the other cases relied upon and cited by plaintiff. While in these cases it has been held under the statutes there considered and construed a school district constitutes a municipal corporation within the meaning of those statutes, we do not think the conclusion reached in Joint School Dist. No. 132 v. Dabney, supra, and the other cases cited are controlling in construing the sections of the statute here involved.

In Ponca City Board of Education v. Beasley, supra, speaking on this question the court said:

"We do not deem it necessary herein to point out the differences that exist between school districts and municipal corporations. They are fundamental, and have been recognized since the beginning of our state. We are of the opinion, and hold, that

a school district is not included in the statutory definition for employer under the provisions of the Workmen's Compensation Act, and that a school district is not subject to the provisions of the Workmen's Compensation Act."

In our opinion under these authorities a school district is not included in the term 'any municipality' contained in section 3 of the statute, supra. This is indicated by the proviso contained in said section as above set forth. School districts are not authorized to adopt charters or pass ordinances as pointed out in Ponca City Board of Education v. Beasley, supra.

We conclude that a school district is not an employer as that term is defined in section 3 of the statute, supra. The Oklahoma cases above so hold and we see no reason for departing from the rule therein announced. The conclusion reached renders it unnecessary to pass upon the other questions presented.

Order denying compensation sustained.